## Johnson's License.    Johnson's Appeal.

*Liquor laws—Distiller's license—Act of June 9, 1891.*

Where the petition, bond and other papers of an applicant for a distiller's license are in accordance with the requirements of the act of June 9, 1891, P. L. 257, and no remonstrance is filed against the petitioner, and a large number of qualified voters certify to the good moral character of the applicant and to his fitness to be intrusted with such a license, the court cannot arbitrarily, and without any expression of opinion, refuse a license.

On an application for such a license the court has power to consider the questions of the necessity of the license for the accommodation of the public, and the fitness of the applicant for the grant of the license. But the refusal upon either of these grounds is not to be a mere arbitrary refusal,

but only such a refusal as is the result of an opinion to be formed after a due regard has been given to the number and character of the petitioners for and against the application.

Argued May 10, 1893. Appeal, No. 16, July T., 1893, by David D. Johnson, from order of Q. S. Fayette Co., March T., 1893, No. 121, refusing distiller's license. Before STERRETT, C. J., GREEN, MITCHELL, DEAN and THOMPSON, JJ.

Application for distiller's license.

The petitioner averred:

" That your petitioner is a citizen of the United States, of temperate habits, and good moral character; that he is desirous of obtaining a distiller's license, authorizing him to manufacture, distill and sell spirituous liquors and admixtures thereof in quantities not less than one gallon, and in such manner as is provided by the laws of this commonwealth, and humbly prays your honorable court to grant him the said license. And your petitioner further makes the following statements as required by act of assembly approved the 9th day of June, 1891.

" 1. That the name of the applicant is David D. Johnson and his present address is Fayette Springs (in Wharton township), Fayette county, Pa., and he has resided there for forty-eight years.

" 2. That the particular place for which a license is desired is a two story frame dwelling, situate on the south side of Penn street in first ward of the borough of Uniontown, Pa., owned by Joseph O. Miller and occupied by him, at present, as a store room. The distillery where said spirituous liquors are to be manufactured is situate in Wharton township, Fayette county, Pa., on a tract of land adjoining Philip Dennis and containing four acres; and is known in the internal revenue regulations of the United States as distillery No. 19.

" 3. That the applicant was born in Wharton township, Fayette county, Pennsylvania, on the 15th day of April, A. D. 1844.

" 4. The name of the owner of the premises where liquor is to be sold is Joseph O. Miller, and the owner of said distillery is the said David D. Johnson.

" 5. That the said applicant is not in any manner pecuniarily interested in the profits of the business conducted at any other place in said county where any of said liquors are sold or kept for sale.

" 6. That the said applicant is the only person in any manner pecuniarily interested in the business so asked to be licensed, and that no person shall be in any manner pecuniarily interested therein during the continuance of the license.

" 7. That the applicant has not had a license for the sale of liquors in this commonwealth, during any portion of the year preceding this application, revoked.

" 8. The names of the persons who will be his sureties on the bond required by law are " etc.

The appellant further filed his bond with justification of sureties and an additional petition. No remonstrance was filed.

License refused by the court, EWING, J., without opinion filed.

*Error assigned* was above order, quoting it.

A. F. Cooper, J. Q. Van Swearingen and Boyd & Umbel with him, for appellant, cited: Act of May 24, 1887, § 2, P. L. 194; Pollard's Petition, 127 Pa. 521 ; Prospect Brewing Company's Petition, 127 Pa. 523; Act of April 9, 1849, § 31, P. L. 576 ; Act of March 31, 1856, § 3, P. L. 200 ; Britton v. Com., 105 Pa. 311 ; Reiger's License, 49 Leg. Int. 461; U. S. Revised St. § 3288 ; Act of June 9, 1891, § 4, par. 5–7, P. L. 257.

No brief or argument contra.

OPINION BY MR. JUSTICE GREEN, July 19, 1893 :

This case comes before us on appeal from the order or decree of the lower court refusing to grant a distiller's license to the appellant. Upon examination of the petition, bond and other papers filed by the appellant, we find that they are in exact accordance with the requirements of the act of ninth June, 1891, under which the application is made. No remonstrance or objection of any kind was filed or made against the granting of the license. The petition asserted that the applicant was a citizen of the United States of temperate habits and of good moral character. An additional petition was filed, signed by a large number of the qualified electors of Wharton township, certifying to the good moral character of the applicant and to his fitness to be intrusted with such a license. There were no allegations or proof upon the record impeaching or questioning

in any way the truth of these declarations. The only entry upon the record showing the action of the court upon the application is as follows: "Now the 10th day of April, 1893, license is refused.    Per Curiam."

Of course we cannot know why this order was made.    So far as we can judge by the record it appears to be a refusal without a reason.    We considered very fully the whole subject of the grant of this class of licenses in the two cases of Pollard's Petition, 127 Pa. 507, and Prospect Brewing Company's Petition, Ib. 523, and upon the rulings there made we are of opinion that it was error to refuse the license in the present case. It is true that the act of 1891 does give the court power to consider the questions of the necessity of the license for the accommodation of the public, and the fitness of the applicant for the grant of the license.    But the act only authorizes the court to refuse a license for either of these reasons, "whenever in the opinion of the said court, having due regard to the number and character of the petitioners for and against such application, such license is not necessary for the accommodation of the public, or that the applicant or applicants is or are not fit persons to whom such license should be granted."    The refusal upon either of these grounds is not to be a mere arbitrary refusal, but only such a refusal, as is the result of an opinion to be formed after a due regard has been given "to the number and character of the petitioners for and against such application." As there were no petitioners against the granting of the license there was no question at issue upon either of these subjects, and as the court has not stated that they had any opinion upon these questions or either of them, the case comes precisely within the reasoning of the opinion in the case of Prospect Brewing Co.'s Petition, supra, which it is not necessary to repeat here. We are therefore of opinion that the appellant's petition for a license should have been sustained and the license granted.

The order of the court below refusing a license is reversed, and a procedendo awarded.