## Bartley Kelminski's License. Bartley Kelminski's Appeal.

164 .231
169  114
164  231
171  456
164       231
20 SC [1]101
164       231
26 SC    35
164  231
j226 [1] 67

*Liquor laws—License—Discretion of court—Acts of 1887 and 1891.*

The discretion which the court of quarter sessions has in passing upon applications for license, is judicial in its nature, and should be exercised with due regard to the petitions and evidence in each case. The court may, however, refuse to grant a license although the petitions present a prima facie case, if it knows from its own observation and acquaintance that the applicant is not a fit person, or that the house is not necessary for the accommodation of the public.

An application for a license was in due form, and was supported by the petition of eighty-five representative citizens of the district certifying to the necessity of the house, and the fitness of the applicant. There was no opposition to the grant of it, and the proofs were altogether in favor of it. The court was without knowledge or the means of knowledge other than that afforded by the petitions filed. *Held,* that the license should have been granted.

There is no distinction between the discretion of the court in granting a wholesale license and its discretion in granting a retail license.

Argued May 21, 1894. Appeal, No. 62, July T., 1894, from decree of Q. S. Northumberland Co., Feb. T. 1894, No. 61, re-

fusing to grant a retail liquor license.   Before STERRETT, C. J.,
GREEN, McCOLLUM, DEAN and FELL, JJ.   Reversed.

Petition for new retail license.*   Before SAVIDGE, P. J.
The petition was refused in the following opinion :

" This application is in due form.   The additional petition
certifying to the necessity of the house and the fitness of the
application is signed by 85 electors, most of whom are repre-
sentative citizens of Mt. Carmel.   From his appearance in court
we were favorably impressed with the applicant.   No remon
strance has been filed and, so far as we know, there is no op-
position to the grant.   The proofs are altogether in favor of
the applicant, and if this was an application for a wholesale
house, we would feel bound, in view of Johnson's License, 156
Pa. 322, to grant it.   It is, however, a retailer's application,
and, being without knowledge or the means of knowledge,
other than that afforded by the petitions filed, we simply re-
fuse the license, as per indorsement thereon."

*Error assigned* was decree, quoting it.

*Louis Dewart, Voris Auten* with him, for appellant, cited :
Acts of June 9, 1891, § 6, P. L. 259 ; May 13, 1887, § 7, P. L.
110 ; Johnson's License, 156 Pa. 322.

No argument was offered or paper-book filed for appellee.

OPINION BY MR. JUSTICE McCOLLUM, Oct. 1, 1894 :
An arbitrary refusal to grant a license to sell liquors at retail
is on the same footing as a like refusal to grant a license to sell
them at wholesale.   The plainly expressed purpose of the leg-
islation in relation to both is " to restrain and regulate the sale
of vinous and spiritous, malt or brewed liquors or any admix-
ture thereof."   While there are two classes of licenses provided
for in this legislation, the proceedings to obtain them are prac-
tically the same in each class, and so is the discretion which the
court of quarter sessions has in respect to the grant or refusal
of them.   In either case the application for the license must
conform to the provisions of the statute under which it is made,

---

* This record does not show, but suggests, the existence of a rule of
court, such as exists in some counties, requiring additional evidence in
case of new applications.

and there must be a hearing upon it at a time fixed by a rule or standing order of the court, when the applicant, and all persons objecting to his application, may be heard by evidence, petition, remonstrance or counsel. It is the duty of the court to receive and consider petitions, in addition to that of the applicant, for and against the application, and to refuse the license whenever, in its opinion, having due regard to the number and character of the petitioners, the same is not necessary for the accommodation of the public, or the applicant is not a fit person to have it. It is obvious therefore that in forming the opinion on which the grant or refusal of a license should rest, the petitions for and against it cannot be entirely ignored. They must be fairly considered in connection with whatever may legitimately affect the exercise of the discretion with which the court is clothed in respect to the application. The law evidently contemplates action by the court in accordance with the knowledge it has of the character of the applicant and the needs of the locality in which he proposes to carry on business under the license, but this action is not necessarily founded upon the knowledge exclusively derived from the evidence and petitions produced on the hearing. It may, and sometimes very properly does, act of its own knowledge obtained from observation of the applicant and acquaintance with the district. If the court, from such observation and acquaintance, knows that the applicant is not a fit person or that his house is not necessary for the accommodation of the public, the license may be refused on such knowledge, although the petitions present a prima facie case for it: Raudenbusch's Petition, 120 Pa. 328; Gross' License, 161 Pa. 344; and Mead's License, 161 Pa. 375. In the cases in which our license legislation has been considered there is a concurrence of opinion that the discretion which the court of quarter sessions has in passing upon applications for license is judicial in its nature and should be exercised with due regard to the petitions and evidence in each case. An arbitrary refusal to so exercise it frustrates the legislative purpose and disregards the plain duty laid upon the court by the lawmakers. A decree founded on such refusal ought therefore to be set aside. Is the order complained of condemned by the law as we have stated it? The application for the license was in due form; it was supported by the petition of eighty-five

representative citizens of the district certifying to the necessity of the house and the fitness of the applicant; there was no opposition to the grant of it, and the proofs were altogether in favor of it. The court was "without knowledge or the means of knowledge other than that afforded by the petitions filed," and it said: "If this was an application for a wholesale house, we would feel bound, in view of Johnson's License, 156 Pa. 322, to grant it." It seems the court thought its discretion in relation to the grant of a wholesale license was not the same as in an application for a retail license. In other words, it was of the opinion that the latter might be arbitrarily refused while the former could not be. We think there is no warrant in the law for such a distinction as this. If it once existed it was removed by the act of June 9, 1891, P. L. 257. It follows from these views that the decision of this Court in Johnson's License, supra, is applicable to the case at bar, and that upon the admitted facts the license should have been granted.

Order refusing a license reversed and procedendo awarded.