## License of A. J. Dunlap and George W. Snyder.    Appeal of A. J. Dunlap and George W. Snyder.

*Liquor laws—Wholesale license—Refusal of license.*

The Supreme Court will not reverse an order refusing a wholesale liquor license where the judge of the quarter session states on the record " License refused, as in the opinion of the court the same is not necessary for the accommodation of the public," and no irregularity in the proceedings is alleged, and it may be fairly implied from the specifications of error that the case was heard at the proper time upon the petitions filed.

Argued May 29, 1895.    Appeal, No. 54, July T., 1895, by A. J. Dunlap and George W. Snyder, from order of Q. S. Mifflin Co., Feb. T., 1895, refusing wholesale liquor license.    Before GREEN, WILLIAMS, MCCOLLUM, DEAN and FELL, JJ.    Affirmed.

Petition for wholesale liquor license in the borough of Lewistown.    Before H. M. MCCLURE, P. J.

The petition as printed in appellants' paper-book showed the signatures of twenty-four persons who were stated to be qualified electors of Mifflin county. An additional petition signed by one hundred and seven citizens of Mifflin county was also printed in appellants' paper-book. It was stated in appellants' " History of the Case," that no remonstrance was filed, no evidence taken in opposition to the application, and that no hearing was had in the case.

The court made the following order :

" February 21, 1895, license refused, as in the opinion of the court the same is not necessary for the accommodation of the public.

" Per Curiam,

H. M. McClure, P. J."

*Errors assigned* were as follows : (1) The court erred in refusing to grant a license to the applicants as prayed for in the following order or decree, to wit: " Feb'y 21st, 1895, License refused, as in the opinion of the court the same is not necessary for the accommodation of the public." (2) The court erred in arbitrarily refusing a license to the applicants, " As in the opinion of the court the same is not necessary for the accommodation of the public," there being no evidence to warrant such an opinion of the court. (3) The court erred in disregarding the evidence in this case as to the necessity for the license for the accommodation of the public, and that applicants are fit persons to whom license should be granted. Also in not having due regard to the number and character of the petitioners for said license.

*B. Frank Eshleman* and *W. U. Hensel, John A. McKee* with them, for appellants.—We do not know why the court refused this license, or what consideration influenced their action. We had a right to be fully heard on any and all questions that might arise under the application ; this was denied to us by the arbitrary refusal of the license: Kelminski's License, 164 Pa. 233 ; Gross's License, 161 Pa. 347 : Johnson's License, 156 Pa. 325.

No paper-book filed or argument offered for appellee.

OPINION BY MR. JUSTICE McCOLLUM, October 7, 1895 :

The license applied for was refused because in the opinion of the court it was not necessary for the accommodation of the public. The presumption is that in forming the opinion on which the refusal was based due regard was had to the number and character of the petitioners for the application and to the knowledge the court had from acquaintance with the district. If the learned judge had so stated upon the record the case would clearly fall within the ruling on the application of William K. Thomas et al. for a wholesale license, 169 Pa. 111, and the ruling on Mead's application, 161 Pa. 375. In Kelminski's case, 164 Pa. 231, it plainly appeared that the petitions were ignored and that the court was without knowledge other than that afforded by them. In other words the license was refused despite the knowledge of the court that the applicant was a fit person to have it and that it was necessary for the accommodation of the public. In Johnson's case, 156 Pa. 322, the application was for a distiller's license, and the applicant was not required to show that it was necessary for the accommodation of the public. It was refused " without a reason " and the refusal of it, as in Kelminski's case, was held to be arbitrary. We ought not, and we do not intend to assume in any case that the court in passing upon applications for license deliberately violates the law, and disregards its plain duty in administering it : Gross's License, 161 Pa. 344. Nor can we presume that the applicant was denied a hearing when, as in this case, it appears that the refusal to grant the license was based on good statutory grounds for it. Besides, we must ascertain what his complaint is from his specifications of error, and these contain no suggestion of irregularity in the proceedings. They simply allege that the court erred in its conclusion in regard to the necessity for the license. It may therefore be fairly implied from the specifications that the case was heard at the proper time and upon the petitions filed in it. The complaint as defined by the specifications cannot be enlarged by the argument. We cannot say from anything legitimately before us on this appeal that the court erred in the conclusion complained of.

Decree affirmed and appeal dismissed at the costs of the appellant.