640                          GROSS'S LICENSE.

Syllabus—Opinion of Court below.        [1 Super. Ct.

## Appeal of Isaac M. Gross.

*Liquor law—Refusal of license—Personal knowledge of judge.*

Where the license court refuses an application for a retail license and assigns the following reason therefor,—" Taking into consideration our personal knowledge and information in this case as we are required to do in most applications, we have determined that another licensed place in Sunbury is unnecessary and therefore refuse the license "—such reason so assigned is a legal reason and will not be reviewed by the appellate court.

Argued May 14, 1896. Appeal, No. 2, Feb. T., 1897, by Isaac M. Gross, from the decree of Q. S. Northumberland Co., Feb. Session, 1896, No. 83, refusing an application for a retail liquor license. Before RICE, P. J., WILLARD, WICKHAM, BEAVER, REEDER, ORLADY and SMITH, JJ. Affirmed.

Application for retail liquor license in the borough of Sunbury, Penna.

An application for a retail liquor license was filed February 22, 1896, the sureties on the bond were approved and a remonstrance was filed and the application refused in an opinion by SAVIDGE, P. J., as follows :

The remonstrance contains thirty-five signatures, the petitions for the license fifty-one. Those who have remonstrated are of no higher character than those who ask for the license. No witnesses were called for the remonstrance; several testified to the necessity of the place. The character and fitness of the applicant is beyond question and the house is a suitable one. The case as made out on the hearing is strongly with the applicant.

If the proceeding was other than a license application, the judgment would be with the applicant, for in no other proceeding could the information or knowledge of the judge be taken into consideration. We know of no other procedure in which it would be tolerated. Notwithstanding, the Brooks law says, the court shall hear and determine license applications and prescribes the method by which the same shall be done (of which private information to the judge or knowledge acquired

off the bench is not a part), it has been ruled that what the judge knows as an individual may be considered in determining the case. We agree that this is extremely unfortunate.

In the anthracite coal region counties, where the applications are more numerous than elsewhere in the state, there has always been difficulty in securing reliable information, concerning applications, old or new. There is, in this county, no law and order society, nor have we any department of public safety, on which we can depend for information. We are powerless to subpœna witnesses, for there is no fund to pay for service of process or the mileage and per diem of the witnesses. In absolute helplessness the court gropes in the dark.

The good people of the communities neglect or refuse to remonstrate, knowing that the court will find some way to save itself from the scandal that would inevitably result from the wholesale grant of all the applications preferred. This they know the court has the power to do. If we were required to determine the necessity, etc., judicially; i. e. solely from the record and what transpires on the hearing, the judicial information, which we require, and under existing conditions rarely if ever can get, would be forthcoming. The people will help themselves if they know they are obliged to; otherwise they will continue to throw the entire burden upon the court. They will act if the rulings of the court are such as to require their intervention. This was demonstrated by the sequel to the general misunderstanding of the Supreme Court's ruling in the Bartley Klemenski case.

However, it is useless to complain. We must accept the law as it has been construed by those whose prerogative it is to declare it.

[Taking into consideration our personal knowledge and information in this case, as we are obliged to do in most applications, we have determined that another licensed place in Sunbury is unnecessary and therefore refuse the license.] [2]

*Errors assigned* were, (1) refusing a license; (2) the reason assigned in the opinion of the court for refusal of said license, reciting same.

*Lewis Dewart*, with him *J. H. McDevitt*, for appellant.

No paper-books were filed for the appellee.

PER CURIAM, May 19, 1896:

The record in this case shows that, after due hearing, the petitioner's application for a retail liquor license was refused. The learned judge says in his opinion: " Taking into consideration our personal knowledge and information in this case, as we are required to do in most applications, we have determined that another licensed place in Sunbury is unnecessary and therefore refuse the license."

The reason assigned for the action of the court is a legal reason, and that the judge may act on his personal knowledge is too well decided to be open to argument.

The order is affirmed at the costs of the appellant.