# Mitchell's License.

*Liquor laws—Refusal of license—Form of order—Grounds for refusal.*

1.. Where a final order refusing a liquor license recites the fact that the license was refused after hearing, it will be presumed in the absence of anything to the contrary, that the applicant had such hearing as the statute contemplates, and that the license was refused for a legal reason. The fact that the order does not recite the reason is immaterial.

2. A license judge in refusing a liquor license on the ground that a license in the place asked for is not necessary, may act on his own personal knowledge of local conditions.

3. On an appeal from an order refusing a liquor license, the evidence is not part of the record and the appellate court cannot pass on the question as to whether the court below was in error in making an order against the preponderance of the evidence.

Argued Dec. 4, 1911. Appeal, No. 12, Oct. T., 1911, by Edward J. Mitchell, from order of Q. S. Schuylkill Co., Jan. T., 1911, No. 143, refusing a retail liquor license in East Brunswick Township. Before Rice, P. J., Henderson, Morrison, Orlady, Head, Beaver and Porter, JJ. Affirmed.

Petition for retail liquor license.

Shay, P. J., made the following order:

This court being well acquainted with local conditions, do not think a license in the place asked for is a necessity. There are sufficient in this locality in comparatively a small radius. There are about 1,200 licenses in Schuylkill county to a population of 200,000 and for the reasons above given the application of Edward J. Mitchell is marked refused.

*Error assigned* was in refusing the license.

*J. O. Ulrich*, for appellant.

*Guy E. Farquhar*, with him *Otto E. Farquhar* and *Wesley K. Woodbury*, for appellees.

PER CURIAM, December 11, 1911:

The proceedings in this case, as shown by the record proper, were entirely regular. The final order recites the fact that the license was refused after hearing, and therefore it is to be presumed, in the absence of anything to show the contrary, that the applicant had such hearing as the statute contemplates, and that the license was refused for a legal reason. This presumption is not rebutted or weakened by the fact that the order does not recite the reason. This has been decided so many times that it is unnecessary to refer to the cases. Nor is the presumption rebutted by anything that is contained in the opinion filed by the president judge of the quarter sessions. Indeed, that opinion shows affirmatively that the order was based on the conclusion reached by the court that a license in the place asked for is not necessary. This conclusion is rested upon the knowledge of the court of the local conditions and the fact that there were already sufficient licensed places in that locality, and it cannot be successfully denied, under the decisions, that the court was fully warranted in acting on such knowledge: Kelminski's License, 164 Pa. 231; Gross's Appeal, 1 Pa. Superior Ct. 640. The contention that the order should be reversed because the conclusion reached by the court was against the preponderance of evidence produced at the hearing, cannot be sustained. The evidence is not part of the record, and therefore the judgment of the court below, as to whether it preponderated for or against the application, must be taken as conclusive.

The order is affirmed.