## Commonwealth v. William Newhard, Appellant.

*Liquor law—Sales to minors in absence of landlord.*

Where orders are given by a liquor dealer in good faith, for the purpose of having them obeyed, forbidding sales to minors, and sales are made in his absence contrary to such orders, such fact so found would constitute a good defense.

*Illegal sale—Bona fides—Question for jury.*

Where sales are made by defendant's wife to minors, well known both to defendant and his wife to be such, and where there is evidence that the minors had frequented the saloon and bagatelle room and had been furnished with liquor in his presence and the case is submitted to the jury, and a verdict of guilty rendered under proper instructions as to the bona fides of defendant's orders forbidding sales to minors, the judgment will not be disturbed.

Argued Dec. 7, 1896. Appeal, No. 46, Nov. T., 1896, by defendant, from judgment of Q. S. Northampton Co., Feb. T., 1896, No. 35, on verdict of guilty. Before RICE, P. J., WILLARD, WICKHAM, BEAVER, REEDER, ORLADY and SMITH, JJ. Affirmed.

Indictment for selling liquor to minors.

Under a retail liquor license, effective during the years commencing in March, 1894 and 1895, granted by the court of quarter sessions of Northampton county, William Newhard, defendant in the court below, maintained a bar in his hotel and served liquors. It was practically admitted that shortly after obtaining the license, he placed behind the bar a placard with the inscription "No Liquor Sold to Minors," at the same time instructing his wife and son to sell liquors neither to minors nor to drunken men. Testimony was admitted to prove that the defendant with his son, on December 16, 1895, left his bar in charge of his wife and proceeded to a neighboring pond to cut ice. During this absence several young men, who upon

the trial were found to have been minors at the time, were served with beer and whisky at the defendant's bar by Mrs. Newhard, wife of the defendant. Testimony was adduced by the commonwealth to the effect that the defendant was present during the sale of some of the liquor. It was contended on the contrary by the defendant that the sales occurred between 3 and 4 o'clock, and that he did not return until 5:30 when he found the young men there; that he at once gave orders to stop the sale of all liquors to them. The court in its charge to the jury instructed them that the defendant was criminally liable, whether the sales made by Mrs. Newhard to the minors were sales as agent for or as wife of the defendant.

Verdict of guilty. Defendant appealed.

*Errors assigned* were, (1) in charging the jury as follows to wit: " When the proprietor puts a bartender in charge of his bar, a wrongful act by the latter within the scope of his employment, and during the period of time which that employment lawfully covers is presumed to have been authorized by the principal. To such service the law of principal and agent is in some respects applied : Wharton's Cr. Law, sections 247, 1422, 1503. But the wrong must have been committed in the service for which he was lawfully employed. Let me illustrate the rule. A licensed innkeeper may sell at his bar spirituous liquors on week days but not on Sunday ; his agent is therefore lawfully employed for such service during the week, and sales then made even to the excepted classes are made in the strict line of his employment, and are presumed to have been done by the master's authority, although he is absent. . . . While such violations as I have first described are presumed to have been by authority of the principal, it is only a presumption, which must yield to proof. If there is no other evidence the proprietor may be convicted."

(2) In charging the jury as follows, to wit : " The defendant contends that if sales were made to these minors by his wife they were made without his knowledge and he so testifies. If that be conceded he has put her in charge and whether we treat her as bearing the relation of wife or as agent and bartender, she is presumed to have been acting under his authority and direction, although by reason of his absence he had no

knowledge of these particular sales and had given no consent to them specifically. If he was present she is presumed to have acted under his compulsion as his wife; if he was absent under the circumstances claimed here by this proof she is presumed as his wife and agent, acting within the scope of her employment, to have made the sales by his authority and direction."

(3) In charging the jury as follows, viz: "The defendant has further testified that two years ago when his license was first granted, he gave express commands that no sales should be made to minors and that a printed notice to this effect was behind the bar. I have said to you that these presumptions to which I have referred may be overcome by proof. Now, if the defendant did in good faith, for the purpose of having it obeyed, give this order and none of the sales were made in his actual presence, it would constitute a good defense. This is supported by his own testimony alone and he is an interested witness; but he is not for that reason to be disbelieved. To reject it for this reason would be to nullify practically the act of assembly which makes him competent; you have a right, however, to consider this interest in determining what credibility he is entitled to receive; you will consider what degree of probability attaches to this statement. Is it or is it not probable that if such instructions were given to the wife she would have disobeyed them? These are all matters for you."

(4) In imposing the following sentence upon the defendant, to wit: That he "pay costs of prosecution, a fine of $150 to the commonwealth of Pennsylvania for use of county of Northampton, and undergo imprisonment in the Northampton county prison for the period of 20 days from this date, the defendant to stand committed until this sentence be complied with."

*G. W. Geiser* and *H. J. Steele,* for appellant.—In the trial of a complaint for unlawfully selling intoxicating liquors to a minor, it is error to rule that a sale of such liquors in the master's shop is prima facie a sale by the master: Commonwealth v. Briant, 142 Mass. 463; Commonwealth v. Wachendorf, 141 Mass. 270; Commonwealth v. Hayes, 145 Mass. 295; Commonwealth v. Stevens, 153 Mass. 421.

" If a sale be made by an agent against the authority of the

landlord and without his knowledge and assent, he would not be criminally liable : " Ziegler v. Commonwealth, 22 W. N. C. 111.

"Whatever may be answerability of the principal for the wrongful acts of his agent in civil actions, he is not answerable criminally when the act is in positive disobedience of his explicit instructions : " Commonwealth v. Junkin, 170 Pa. 195.

But the whole question was set at rest in this state by the able and exhaustive opinion of WILLARD, J., in Commonwealth v. Johnston, 2 Pa. Superior Ct. 317, where the question as to the liability of a druggist for sales of his clerk, made in his absence and against his instructions was considered.   See also as to liability for actions of the wife : Com. v. Murphy, 2 Gray, 510; Com. v. Butler, 1 Allen, 4 ; 1 Hawkins' P. C., chap. 1, sec. 11; 2 East's P. C., 559; Rex v. Morris, 2 Leach, 1096, 1106 ; Hughes' Case, 2 Lewin Cr. Cas. 231.

And therefore he cannot be convicted for illegal acts of selling, done by the wife in his absence, unless it is shown to the satisfaction of the jury that such acts were done by his command or authority : Seibert v. State, 40 Ala. 60 ; State v. Baker 71 Mo. 475.

*James W. Fox*, district attorney, for appellee.

OPINION BY WILLARD, J., January 18, 1897 :

To sell spirituous, vinous, malt or brewed liquors to a minor is declared by statute to be a misdemeanor, and upon conviction the offender shall be fined not less than fifty nor more than five hundred dollars, and undergo imprisonment not less than twenty nor more than ninety days.

According to the testimony on the part of the commonwealth the defendant kept a licensed hotel.   In a room over his bar room he also kept a bagatelle table where on this occasion at least boys were permitted to play the game of bagatelle for drinks.   These boys were not strangers to the defendant and according to the testimony were well known to him and his family from an acquaintance of five or six years prior to the occasion on which they played for drinks on the defendant's premises, and by too frequent visits to his bar room became intoxicated from excessive indulgence in drink bought and paid for at the defendant's bar.

To protect young men and boys from the baneful effects of intoxicating liquors, it has been wisely declared by the legislature a misdemeanor on the part of any person with or without a license to sell to persons under the age of twenty-one years.

On the part of the defendant it is claimed that the penalty of the law should not be visited upon him for his offense, because at the time his wife was behind the bar and dealt out the drinks to these boys in his absence and contrary to his orders.

If, under the circumstances of this case, he could cast the presumptive legal responsibility of the offense upon his wife, there was ample evidence on the part of the commonwealth that he was present himself a part of the time when the boys were drinking at the bar. This evidence was properly submitted to the jury, and, if believed, it was sufficient to remove the responsibility from the wife and place it where it belonged, notwithstanding the alleged orders and instructions.

It was also claimed by the defendant at the trial, and he testified, that two years before when his license was first granted he gave express commands that no sales should be made to minors, and that a printed notice to this effect was posted behind the bar.

The trial judge instructed the jury that if they believed such orders were given by the defendant in good faith for the purpose of having them obeyed, and that sales were made contrary to such orders and not in the defendant's presence, such facts, so found, would constitute a good defense.

The question of the good faith of the orders and the fact of the defendant's presence were fairly and properly submitted to the jury.

In Commonwealth v. Johnston, 2 Pa. Superior Ct. 317, we held that a druggist, who had in good faith given orders to his clerks not to sell in violation of the statute, could not be held criminally liable for an illegal sale by his clerks in his absence, and contrary to his express orders. We reversed the judgment in that case because the trial judge instructed the jury that the defendant was liable notwithstanding his orders whether given in good faith or not to his clerks, and notwithstanding that sales were made by them in his absence and against his express orders. We also decided in that case that the question of good faith was for the jury, and had to reverse the judgment because

the trial judge expressly excluded that question from their consideration.

In the case before us the trial judge was careful to protect the defendant's rights and carefully instructed the jury as to the effect of his alleged orders if given in good faith, leaving to them (as he ought to have done) the question of the bona fides of the orders. The sentence of the court was not only warranted by the statute under which· the indictment was found, but was as lenient under the verdict as the defendant had a right to expect.

The specifications of error are all overruled, the judgment is affirmed, and it is ordered that the record be remitted, to the court below to the end that its sentence may be executed.