## In re Simmons

*Philip H. Johnston*, for Commonwealth; *Roland M. Morgan*, for defendant.

FLEMING, P. J., November 13, 1934.—This matter is before us upon a rule issued on the petition of the district attorney to show cause why the malt liquor license of Gladys Simmons in the Borough of Philipsburg should not be revoked. It is averred that the said Gladys Simmons obtained her license by a subterfuge and that the real holder thereof is her husband, Robert Simmons, who entered a plea of guilty in this court on June 16, 1934, at no. 21, September sessions 1934, to a charge of violation of section 602(*b*) of the Liquor Control Act of November 29, 1933, P. L. 15, which makes it unlawful for any person to keep liquor within the Commonwealth of Pennsylvania which was not lawfully acquired prior to January 1, 1934, and was not purchased at a State liquor store.

That Gladys Simmons is residing with her husband on the premises where the malt liquors are sold at retail, that the husband participates, at least at times, in serving the customers, and that he, at least at times, receives the malt liquors from the distributors and pays for them is not denied. Nor is it disputed that Gladys Simmons, the licensee, has not been legally declared a feme sole trader.

Counsel for the respondent has attacked the jurisdiction of the court. Section 13 of the Act of December 20, 1933, P. L. 75, amending a like section of the Act of May 3, 1933, P. L. 252, provides:

"Section 13. Revocation and Suspension of Licenses by Court of Quarter Sessions.—After a license has been granted, upon petition of the Attorney General, the treasurer, the district attorney, or fifteen or more taxpayers, residents of the ward, borough or township where the place of business is located, to the court of quarter sessions, and upon sufficient cause being shown or proof being made to the court that the licensee holding a license, or any partners, members, officers or directors of the licensee, has or have violated any of the laws of this Commonwealth relating to the sale of beverages, or relating to the manufacture, sale or transportation of alcohol or/and other alcoholic beverages, it may, upon due notice and proper hearing being given to the person so licensed, suspend or revoke the said license issued by the treasurer. The court shall assess or remit the costs in its discretion. The action of the court in suspending or revoking a license shall be final."

Before discussing the extent of our jurisdiction, we shall consider the status of the licensee in relation to the conviction of her spouse as above stated. Were this licensee, living as she does with her husband upon the premises where the privileges of the license are exercised, and using him, at least at times, to further the ends of the business, to be charged with a violation of the statute

under which the license was granted, we would be faced with the anomaly of the well-settled rule which presumes that she as a married woman so acted under the coercion of her husband as to free her from legal guilt: Commonwealth v. Lenox et ux., 12 Phila. 601; Commonwealth v. Newhard, 3 Pa. Superior Ct. 215. In other words, the person legally responsible for the enforcement of the law under the license granted is not the licensee but her husband, Robert Simmons, an acknowledged violator.

Furthermore, the act under which this license was issued provides for a revocation of such license when any "partner" of the licensee has violated the provisions of the act or other laws relating to the manufacture, sale, or transportation of alcohol or other alcoholic beverages. It is not necessary to discuss the question of a husband's rights to his wife's earnings or his responsibilities for debts incurred by her to decide definitely that Robert Simmons is a partner of the licensee.

It does not appear that the licensee was ever required to support herself before this date or that there is any present necessity for her to do so now. Her husband has had his share of the legitimate employment to be had. It thus clearly appears that the malt liquor license issued to the licensee was a "front" to procure for her husband that which, by virtue of his violation, he was not entitled to receive. By its existence, it enables him, should he be inclined to do so, further to violate the law which he did violate and to be protected therein, to some degree at least, by the existence of the license in question. We are therefore of the opinion that the rule should be made absolute.

And now, November 13, 1934, rule made absolute, and the malt liquor license heretofore issued to Gladys Simmons, Philipsburg Borough, is revoked and declared null and void. Costs to be paid by Gladys Simmons.

From Musser W. Gettig, Bellefonte, Pa.