## Pejnovic's License

*Horace A. Segelbaum,* special deputy attorney general; *Karl E. Richards,* district attorney, and *Carl B. Shelley,* assistant district attorney, for Commonwealth.

*Solomon Hurwitz,* for licensee.

*Homer L. Kreider,* for surety.

HARGEST, P. J., December 29, 1934.—The Attorney General presented his petition upon which a rule was granted to show cause why the restaurant liquor license granted to Sava Pejnovic authorizing him to sell liquor and malt liquor at 1016 Herr Street, being license no. R2493, should not be revoked because of (1) misrepresentation in obtaining license; and (2) selling liquor to minors.

The testimony in this case showed that Tony Ivanoff was employed by the licensee, who had a sick wife and for that reason paid little or no attention to the conduct of the business. Tony Ivanoff has been convicted in this court for selling malt liquor to two minors.

There is no evidence whatever of any misrepresentation in this case. The only evidence of selling liquor to minors is that a young boy and girl were furnished beer by Tony Ivanoff. These are the same witnesses upon which the Commonwealth based its case against Tony Ivanoff. There is not a suggestion anywhere in the testimony that the licensee ever knew of the furnishing of beer to these witnesses, or any other minors, or that he was present at any time when these minors were in the licensed place, and the licensee testified that he gave positive instructions that liquor was not to be sold to persons under 21 years of age.

In the case of Commonwealth v. Johnston, 2 Pa. Superior Ct. 317, it is held:

"Ordinarily a principal is not held criminally responsible for the acts of his servant or agent, unless he in some way participates in, countenances or approves the criminal act of the agent; nor can a principal be held criminally liable for the act of his agent in opposition to his will and against his orders.

"Every lawful instruction from principal to agent is to be considered as given in good faith until the contrary is shown and then the bona fides of the instruction is for the jury."

The court sitting in this case is exercising the functions of a jury. It must find the facts and the fact to be found is whether or not the licensee committed a criminal act. There is no evidence in this case by which the court, even applying the rule of the preponderance of the evidence, to say nothing of the finding of fact beyond a reasonable doubt, can find that this licensee either approved of or winked at the violation of the law by his agent Ivanoff. So, under the prin-

ciple cited from the case of Commonwealth v. Johnston, we are of the opinion that he cannot be adjudged guilty of that offense.

Commonwealth's counsel has cited to us the case of Commonwealth v. Newhard, 3 Pa. Superior Ct. 215, in which the same general principle which we have stated has been approved, but in which there was a conviction, which was sustained. In that case it was claimed on the part of the defendant that the violation of the law was committed by the defendant's wife when he was absent, but the opinion of the Superior Court says: "there was ample evidence on the part of the commonwealth that he was present himself a part of the time when the boys were drinking at the bar." This, therefore, clearly distinguishes Commonwealth v. Newhard from the instant case. For these reasons we think the rule must be discharged.

And now, December 29, 1934, the rule to show cause why the license granted to Sava Pejnovic, being license no. R2493, to sell liquor and malt liquor at 1016 Herr Street, is hereby discharged at the cost of the petitioner.