# Godfrey Miller's Application for Wholesale Liquor License.

*Liquor law—Discretion to refuse wholesale license.*

The court of quarter sessions may in its discretion after hearing of an applicant or giving him an opportunity to be heard, refuse an application for a wholesale liquor license although no remonstrance be filed.

*Appeals—Liquor law—Refusal of license—Presumption of regularity.*

Every reasonable intendment is to be made in favor of the regularity of the proceedings of courts of record where they have jurisdiction of the subject-matter and the parties. Hence it is to be presumed, in the absence of anything to the contrary, and the appellate court will consider that the license court performed its duty by fixing a time at which all applicants had an opportunity to be heard and that the license was refused for a legal reason, and not arbitrarily.

Argued May 13, 1898. Appeal, No. 204, April T., 1898, by Godfrey Miller, from decree of Q. S. Beaver Co., March Sess., 1898, refusing application for license to sell liquors at wholesale. Before RICE, P. J., WICKHAM, BEAVER, REEDER, ORLADY, SMITH and PORTER, JJ. Affirmed.

Application for license to sell liquors at wholesale.

It appears from the record that a petition was filed on January 27, 1898, and on March 28, 1898, the license was refused. Godfrey Miller appealed.

*Errors assigned* were (1) in not hearing the witnesses for the applicant. (2) In not granting the license.

*George Wilson*, of *Wilson & Holt*, for appellant.—The wholesale act of June 9, 1891, provides that the court shall fix by rule or standing order a time at which applications for licenses shall be heard, at which time all persons applying or making objections may be heard by evidence, petition, remonstrance or counsel.

A decree without a hearing or opportunity for hearing at a time fixed by rule or standing order should be refused: Gross's License, 161 Pa. 344; Johnson's Appeal, 156 Pa. 322.

No paper-book or appearance for appellee.

PER CURIAM, July 29, 1898 :

It is too well settled to require citation of authority, that (1) the court of quarter sessions may in its discretion, after hearing the applicant or giving him an opportunity to be heard, refuse an application for a wholesale liquor license, although no remonstrance be filed; and, (2) is not required to put on record its reasons for doing so. Nor does the fact that the order omits to state that it was made after hearing raise the presumption that no opportunity to be heard was accorded the applicant. The Act of June 9, 1891, P. L. 257, provides, " that the court shall fix by rule or standing order, a time at which application for said licenses shall be heard, at which time all persons applying or making objections to applications for licenses may be heard by evidence, petition or remonstrance or counsel." The absence of this general order from the record of the particular case before us would not justify us in acting on the assumption that it was not made. As well might we expect orders fixing the terms of court to be brought up with the record of every judgment from which an appeal is taken. Every reasonable intendment is to be made in favor of the regularity of the proceedings of courts of record where they have jurisdiction of the subject-matter and the parties. Hence it is to be presumed (in the absence of anything to show the contrary that we may consider) that the court performed its duty by fixing a time at which all applicants, including this applicant, had an opportunity to be heard, and that the license was refused for a legal reason, and not arbitrarily.

Finding no error in the record, the order is affirmed.