## Quinn's License. Appeal of Patrick J. Quinn.

*Appeals—Presumption of regularity of proceeding.*

Every reasonable intendment is to be made in favor of the regularity of the proceedings of courts of record where they have jurisdiction of the subject-matter and the parties.

*Appeals—Assignment impeaching record—Liquor law.*

The appellate court will not sustain an assignment of error when such action would involve impeaching the record.

Where the docket entries show that a petition for a license was heard and refused on a given date an assignment will be dismissed which alleges error in refusing a petition for a liquor license without granting a hearing to the applicant.

Argued Oct. 3, 1899. Appeal, No. 93, Oct. T., 1899, by Patrick J. Quinn, from order of Q. S. Phila. Co., March T., 1899, No. 926, refusing a retail liquor license at southwest corner of 2d and Master streets. Before RICE, P. J., BEAVER,

ORLADY, SMITH, W. W. PORTER and BEEBER, JJ.  Affirmed.
Per Curiam.

Application for retail liquor license.  Before WILTBANK and
McCARTHY, JJ.

It appears from the record that an application was filed January 21, 1899.  On March 6, 1899, the following order of court
was made :

" The court will convene in the quarter sessions court room,
676, city hall, Broad and Market streets, on Monday, March 6,
1899, at 10 o'clock A. M., to hear applications for licenses and
remonstrances against the granting of licenses, and will continue to sit from day to day until the list is disposed of.

Those to whom licenses were granted last year, or to whom
licenses have been since transferred, against whom no specific
remonstrance has been filed, will be presumed to be entitled to
new licenses, if applying for the same place.

Cases in which specific remonstrances have been filed, or in
which a person now holding a license applies for a new place,
or in which a place now licensed is applied for by a new applicant, will be heard in their order.

All remonstrances against the granting of licenses shall be
in writing and shall be verified by affidavit.

An order will be made hereafter for the hearing of applications for wholesale licenses.

On Monday, March 6, 1899, the first and second wards will
alone be heard.

The court will not take cognizance of letters addressed to
the judges individually upon the subject of the granting or
refusal of licenses, but recommendations as well as remonstrances should be presented orally in open court at the hearing, or filed in writing, according to the rule, with the clerk of
the court of quarter sessions."

It appears from the petition that petitioner had held a retail
liquor license in the place applied for since June, 1894, his license being renewed yearly until the present application.  On
March 22, 1899, the docket entries show that the petition was
heard, and on April 29, 1899, the petition was refused.  On
May 3, a petition was filed to correct the refusal to grant a
license, which was refused May 6.  Patrick J. Quinn appealed.

*Errors assigned* were (1) refusing to grant license. (2) In refusing said petition without granting a hearing to the applicant.

*Dallas Sanders*, with him *Matthew Dittmann*, for appellant, cited Rule 12, sec. 2, of the Rules of Court, page 15, as to the hearing of applications for licenses.

All remonstrances or petitions against the granting of licenses shall be in writing, and shall be filed with the clerk before the hearing in Court, but no charge shall be made for such filing: Rule 12, sec. 5, Rules of Court, p. 17.

The remonstrants had as much right under the law to be heard as the appellant himself: Bowman's License, 167 Pa. 646.

The rules adopted by the quarter sessions in pursuance of the act of May 13, 1887, section 3, are as binding upon the court as the provisions of the act itself: Kahrer's License, 1 Pa. Dist. Reps. 547.

The license of a house which has been licensed to sell liquors should not be lightly disturbed; such a license should be considered necessary: Arnold's Application, 1 Northamp. 93.

The granting of a license is an adjudication on the question of necessity : Rief's License, 2 Leh. Val. 400 ; Bourjohn's Petition, 2 Pa. C. C. 33.

The granting of a license is an adjudication of all necessary questions and a renewal will be granted in the absence of a remonstrance: Justin's Application, 2 Pa. C. C. 22; Helling's License, 2 Pa. C. C. 76 ; O'Brien's License, 1 Pa. C. C. 363.

Any order, ruling, remark or charge of the court below made in the cause, when properly authenticated, becomes part of the record, and is reviewable as such: Act of May 24, 1887, P. L. 199; Donoghue's Case, 5 Pa. Superior Ct. 1.

*Lewis D. Vail*, with him *D. C. Gibboney*, for appellee.—This court has emphatically decided all the contentions raised in this appeal: Fowler's License, 2 Pa. Superior Ct. 63 ; Com. v. Kerns, 2 Pa. Superior Ct. 59; Donoghue's License, 5 Pa. Superior Ct. 1 ; Miller's Application, 8 Pa. Superior Ct. 223.

Assignments of error will be dismissed when it appears they cannot be sustained without impeaching the record : Donovan's License, 9 Pa. Superior Ct. 647.

PER CURIAM, November 20, 1899:

The standing rule or order of the quarter sessions of Philadelphia county relative to the hearing of liquor license applications is, as far as material here, as follows: "Applications for license will be heard on the first Monday of March in every year, and the hearing of the applications shall be continued for such length of time as may be necessary to dispose of them."

On March 6, 1899, the day fixed by the standing rule, the judges presiding made an announcement as to the course of procedure which contained, inter alia, the following: "Those to whom licenses were granted last year, or to whom licenses have been since transferred, against whom no specific remonstrance has been filed, will be presumed to be entitled to new licenses, if applying for the same place."

The utmost that can be claimed for this announcement or order is that upon the hearing of any particular application coming within the class, the judges would regard the facts as prima facie evidence of the continued fitness of the applicant and the continued necessity of his place for the public accommodation. But it is well settled that the court may in some instances act of its own knowledge. "The judge is not bound to grant a license to a man whom he knows to be a drunkard or a thief or has actual knowledge that his house is not necessary for the public accommodation:" Raudenbusch's Petition, 120 Pa. 328.

If, therefore, upon the hearing of this application it appeared in any legitimate way, or the fact was known to the court, that the applicant was not a fit person or that his place was not necessary, it cannot be contended for a moment that the judges intended to, or that in advance of a hearing of the application they could if they had intended, strip themselves of their discretion and bind themselves to grant a license, where to do so would be a clear violation of law.

Whatever may be the knowledge or opinion of the judge as to the fitness of a particular applicant, or the public necessity for his place, a refusal of his application without giving him a hearing or an opportunity to be heard would be an arbitrary exercise of discretionary power. It would be a denial of a right expressly given by the statute, which in a case situated like the present would be contrary to the plainest principles of justice and fair dealing. But what is the presumption in that

regard?   Must it be set forth in the order totidem verbis that there was a hearing?   We had occasion to consider this precise question in Miller's Application, 8 Pa. Superior Ct. 223, and arrived at this conclusion: "Every reasonable intendment is to be made in favor of the regularity of the proceedings of courts of record where they have jurisdiction of the subject-matter and the parties.   Hence it is to be presumed (in the absence of anything to show the contrary that we may consider) that the court performed its duty by fixing a time at which all applicants, including this applicant, had an opportunity to be heard, and that the license was refused for a legal reason and not arbitrarily."   We see no good reason for departing from this ruling. There is however no occasion to resort to this presumption in the present case, for the docket entries show that the petition was heard on March 22.   We therefore cannot sustain the second assignment of error without impeaching the record, which, of course, we cannot do: Doylestown Distilling Co.'s Application, 9 Pa. Superior Ct. 96.

The order is affirmed.