## Chambers's License.

*Liquor law—Remonstrance—Residence of remonstrant.*

Where the record of an application for a liquor license leaves in doubt the question of the residence of the remonstrant, this question is for the court below to decide, and the appellate court will presume that the lower court's decision was correct and warranted by the facts.

*Liquor law—Refusal of license—General order.*

A general order announced by a license court at the beginning of its session that the holder of a license against whom no specific remonstrance has been filed will be presumed to be entitled to a renewal of his license, will not prevent the court from refusing the license after due hearing when proper legal grounds for such refusal are brought to its notice.

Argued Oct. 24, 1901. Appeal, No. 193, Oct. T., 1901, by John Chambers, from order of Q. S. Phila. Co., March T. 1901, No. 598, refusing to grant a liquor license, in In re John Chambers's Aplication for a Renewal of his Retail Liquor License. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Application for a renewal of a retail liquor license.

The following remonstrance was filed against the application :

"The petition of the undersigned residents of the . . . . ward of the city of Philadelphia, respectfully represents :

"That they remonstrate against the application of John Chambers for a retail liquor license for the premises No. 600 Beach street, in the 11th ward of the city of Philadelphia, and assign the following reasons :

412, (1901).]                    Statement of Facts.

" The said place for which a license is asked is not necessary for the accommodation of the public.

" The said place for which a license is asked is not necessary for the entertainment of strangers or travelers.

" The said applicant is not a proper person to conduct a saloon in this, that he sells to intoxicated persons ; that he sells to minors, and maintains a disorderly house in this, that he lives at this place with a woman who is not his wife, and that he harbors women to this place, and he also has another man living here with a woman who is not his wife, and this man also has a wife living in Camden, N. J.

" He is unfit to conduct a saloon, as he does not provide for his family, and because of the kind of place he conducted in Camden, N. J., he was refused license and could not get a license thereafter.

" MARGARET CHAMBERS.

" 59 Cooper Street,

" Camden, N. J."

" COUNTY OF PHILADELPHIA, ss :

" Margaret Chambers, being duly sworn, says that the facts set forth in the aforesaid remonstrance are just and true to the best of her knowledge, information and belief.

" MARGARET CHAMBERS.

" Sworn and subscribed before me this 28th day of March, A. D. 1901.

. " J. W. Kenworthy, Notary Public, in and for the Commonwealth of Pennsylvania."

From the record it appeared that on March 4, 1901, the court announced the following general order :

Any person holding a license granted last year, or since transferred to him or her, against whom no specific remonstrance has been filed, will be presumed to be entitled to a renewal of such license. . . . All remonstrances against the granting of licenses shall be in writing, stating specifically the grounds of such remonstrances, and shall be verified by affidavit.

On May 14, 1901, the court made this order :

And now, May 14, 1901, on motion of petitioners, and after hearing in open court, it is ordered that the prayer of the petitioner be refused.

*Error assigned* was the order of the court.

*William C. Gross*, for appellant.

PER CURIAM, November 11, 1901:

It does not clearly appear that the remonstrator was not a resident of the ward; the most that can be said is that the paper leaves that question in doubt.   Therefore whether she had such qualifications as entitled her to be heard in opposition to the application was a question for the court below to decide, and its decision was presumably correct and warranted by the facts. But aside from this we do not think it can be contended successfully that notwithstanding such facts as were alleged in the remonstrance were brought to its notice, the court had so tied its hands by its preliminary order of March 4, 1901, that it could not investigate the allegations but was bound to grant the license.   All that we deem it necessary to say as to that proposition is contained in Quinn's License, 11 Pa. Superior Ct. 554, and in Brown's Appeal in which we have this day filed an opinion.

The order is affirmed.