## Chuya's License.

*Liquor law—Refusal of liquor license—Record—Affidavits—Hearing.*

Affidavits filed in support of an application for a rehearing of a petition for a liquor license, are not part of the record, and the allegations of fact therein contained cannot be received on appeal to impeach the record, or to rebut the presumption flowing therefrom that the court performed its duty by fixing a time at which all applicants had an opportunity to be heard, and that the license was refused for a legal reason and not arbitrarily.

410, (1902).] Syllabus—Statement of Facts.

It does not necessarily follow that an applicant is entitled to a license as matter of right because no proof is given of the charges contained in a remonstrance.

The appellate court will not review the action of the court of quarter sessions in refusing a liquor license where the record showed that the license was refused " after hearing."

Argued April 21, 1902. Appeal, No. 25, Jan. T., 1903, by Andrew Chuya, from order of Q. S. Luzerne Co., License Court, 1902, No. 1291, refusing a liquor license in the matter of application of Andrew Chuya. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Application for a liquor license.

Indorsed on the application was the following order:

" Now, February 24, 1902, after hearing, the sureties in the within bond are approved, and the license as prayed for is refused."

Among the papers filed in the cause was the following:

" I hereby certify that I was the stenographer who took the evidence in the cases called before Honorable Judge Lynch, President Judge. That in the said case, I took no notes of testimony because there were no witnesses called and therefore none to take.

(Signed) " TILLIE ROSENTHAL."

" Now, March, 20, 1902, the above statement by the stenographer is correct and this paper is ordered filed.

(Signed) " JOHN LYNCH, P. J.

" Filed April 1, 1902."

Chuya filed a petition for a rehearing which was as follows:

That he is the same person and the same applicant for license on hotel property No. 753 North Washington street, city of Wilkes-Barre, Luzerne county, Pa., who had the place licensed last year. That he has been there for two years last past ; that when his application was before the court on Wednesday last, it appeared that there was a remonstrance against the granting of a license to him ; that the case was called ; that he was present in the court in person, and also was represented by his attorney; that the remonstrance was represented by Mr.

412 CHUYA'S LICENSE.

Statement of Facts—Opinion of the Court. [20 Pa. Superior Ct.

Thornton, and when his honor Judge LYNCH, directed Mr. Thornton to proceed with the case, he, Mr. Thornton, stated that he had no witnesses present to sustain the charges set forth in the remonstrance, and, therefore, had nothing to offer in support of the charges ; whereupon the attorney for the applicant, Andrew Chuya, stated to the court that the applicant was present, and ready to answer; that under the circumstances he supposed he was not obliged to answer, to which the court assented.

The applicant's petition and bond was in due form, according to law. That he had made out a case fully and completely ; that the house was an old one; the applicant the same person, and no charges of any kind whatever were proven against him.

The petition for a rehearing was refused.

*Errors assigned* were as follows :

1. The learned court erred in refusing Andrew Chuya, the applicant, his license, there being no proof or witnesses called to sustain the charges set forth in the remonstrance.

2. The learned court erred on March 13, 1902, in not granting the prayer of the petitioner, Andrew Chuya, revoking its order made February 24, 1902, refusing the license.

3. The learned court erred in refusing Andrew Chuya his license, he, the said Andrew Chuya, being present in court when the case was called. The court then having stated that he was not obliged to answer, there being no proof in support of the charges set forth in the remonstrance. Said Chuya, under the law, and the practice of the court, being entitled to his license, he being the applicant, who had the license for two years prior, and the house being the same.

*T. R. Martin*, for appellant, cited : Johnson's Appeal, 156 Pa. 322, American Brewing Co.'s License, 161 Pa. 378 ; Kelminski's License, 164 Pa. 231.

No appearance entered for appellee.

PER CURIAM, May 22, 1902:

It appears from the record in this case that " after hearing "

the license was refused. The record imports verity, but, even if the stenographer's certificate that no witnesses were called were part of the record, which it is not, it would neither show nor tend to show that the license was refused without according to the appellant a hearing. It does not necessarily follow that an applicant is entitled to a license as matter of right because no proof is given of the charges contained in a remonstrance. Nor do we think the applicant was justified in so interpreting the remark alleged to have been made by the presiding judge at the hearing. But we will not discuss that question, for the reason that our only rightful source of information as to what took place on the hearing is the record. Affidavits filed in support of an application for rehearing are not part of the record, and the allegations of fact therein contained cannot be received on appeal to impeach the record or to rebut the presumption flowing therefrom, that the court performed its duty by fixing a time at which all applicants, including this appellant, had an opportunity to be heard, and that the license was refused for a legal reason and not arbitrarily. See Quinn's License, 11 Pa. Superior Ct. 554, and the cases which follow in the same volume.

Order affirmed.