## Shearer's License.

*Liquor law—Refusal of license—Regularity of proceedings—Duplication of names of remonstrants.*

Where the record of an application for a liquor license shows that the license was refused after hearing, and the record is regular in every particular, the appellate court will not reverse the order because names of remonstrants were duplicated.

Upon appeal the presumption arising from a regular record is that the court below had due regard to the number and character of the petitioners for the license, and that the license was refused for a legal reason and not arbitrarily.

Argued May 18, 1904.   Appeal, No. 3, April T., 1904, by Thomas Shearer, from order of Q. S. Allegheny Co., March T., 1904, No. 836, refusing a liquor license, In re Application of Thomas Shearer.   Before RICE, P. J., BEAVER, ORLADY, PORTER, MORRISON and HENDERSON, JJ.   Affirmed.

Application for a retail liquor license.

From the record it appeared that a remonstrance was filed against the application, and that many of the names signed to the remonstrance were duplicated.

The court refused the license.

*Error assigned* was the order of the court.

*David B. Maxwell*, for appellant.

PER CURIAM, July 28, 1904:

The record in this case shows that the license was refused after hearing, and is regular in every particular.   But says counsel : "If we could imagine an applicant for license filing a petition with the names in duplicate, as was done by the remonstrants in this case, and the fact should come to the attention of the court, that fact alone should prevent the license. Why then should it not work the other way, and the applicant be given the benefit of the issue when no other questions were raised against him ? "   The answer is plain enough.   Assuming for a moment that in view of the objection above stated the court ought to have dismissed the remonstrance from consideration, it was still within its discretionary power to refuse the license, if from the evidence given on the hearing or its own knowledge it determined that the applicant was not a fit person, or that his house was not necessary for the accommodation of the public: Kelminski's License, 164 Pa. 231 ; Commonwealth v. Kerns, 2 Pa. Superior Ct. 59 ; Miller's License, 8 Pa. Superior Ct. 223 ; Netter's License, 11 Pa. Superior Ct. 566, and cases there cited ; Brown's License, 18 Pa. Superior Ct.

409; Chambers's License, 18 Pa. Superior Ct. 412. As the court might do this in the absence of any remonstrance, a fortiori it could do it although the remonstrance was defective. Neither by their consent nor by their misconduct can the remonstrators limit the discretionary power vested in the quarter sessions. The ingenious argument of appellant's counsel has failed to convince us that there is anything to distinguish this case in principle from the numerous cases in which it has been held that, upon appeal, the presumption arising from such a record as this is, that the court had due regard to the number and character of the petitioners for the license, and that the license was refused for a legal reason and not arbitrarily.

The order is affirmed.