## Mead's License.

*Liquor laws—Wholesale license—Discretion of court—Practice, quarter sessions—Act of June 9, 1891.*

Where a judge has indorsed his refusal of a liquor license on the application, and handed it down, he may at any time during the same session of the court place on file his reasons for so doing.

A judge has lawfully exercised his discretion in refusing a wholesale liquor license under the act of June 9, 1891, P. L. 257, where he gives as his reason for the refusal that there was no necessity for more than two wholesale licenses in the town, that the applicants were not fit persons to whom such licenses should be granted, and that " having a due regard to the number and character of the petitioners for said license, and considering the facts and information had and obtained as aforesaid, the best interests of the community and of the county at large, and exercising what the court considered sound discretion, the application was refused."

Argued April 19, 1894. Appeal, No. 33, Jan. T., 1894, by A. T. & C. M. Mead, from order of Q. S. Clearfield Co., Jan. T., 1894, No. 31, refusing wholesale liquor license. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM and FELL, JJ. Affirmed.

Application for wholesale license. Before GORDON, P. J.

From the record it appeared that the applicant's petition was indorsed by sixteen citizens residing in Du Bois borough. There were no remonstrances filed, and no evidence was taken in opposition to the petition. The opinion of the court below in this case was substantially the same as in the next case, except that in this case it is stated that the application was refused chiefly because of the unfitness of the applicant.

*Error assigned* was above order.

*Smith V. Wilson, A. L. Cole* and *W. A. Hagerty* with him, for appellants, cited: Hollard's Petition, 127 Pa. 529; Johnson's License, 156 Pa. 325; Prospect Brewing Co.'s Petition, 127 Pa. 539.

No argument or paper-book was presented contra.

OPINION BY MR. CHIEF JUSTICE STERRETT, April 30, 1894:

This application for a wholesale liquor license in the borough of Du Bois under the act of June 9, 1891, was filed Nov. 21, 1891, and the requirements of the act appear to have been strictly complied with, except in this, that the accompanying bond purports to have been given " for the uses and purposes mentioned in the tenth section of the act of assembly approved the 13th day of May, A. D. 1887, entitled, An act to restrain and regulate the sale of vinous, spirituous, malt or brewed liquors or any admixture thereof," and does not purport to be given for the uses and purposes mentioned in the wholesale dealers' act, under which the application was made. This, as the learned judge suggests, was doubtless the result of an oversight in using a blank form intended to accompany an application under the act of 1887 ; and, moreover, it had nothing to do with the refusal of the license in question.

Under the rule of court, applications for license are heard at the January sessions of each year. In their history of the case, applicants say that theirs, along with other applications in the county, was presented to the court at January sessions, 1894, for consideration, etc., and after hearing all the licenses, the court handed down their petition with the indorsement: " January 15, 1894, Refused, By the Court." Eleven days thereafter, it appears that the certiorari was filed in the court below,

and on same day the learned judge, referring to his previously indorsed refusal of the application, filed at length his reasons therefor, and subsequently certified the record to us as by the writ he was commanded. We refer to this fact, for the purpose of saying that the learned judge had a perfect right to file his reasons for refusing the application in question even after the certiorari was filed in the court below. He had indorsed his refusal on the application and handed it down only eleven days before, and it was entirely proper for him at any time during same sessions of the court to place on file his reasons for so doing.

Without referring at length to what the learned judge says in his opinion, his reasons for refusing the application are sufficiently set forth in the following sentence thereof: "As to the application of A. T. Mead & Son, in question, we were clearly of opinion that there was no necessity for more than two wholesale licenses in Du Bois, and that the applicants were not fit persons to whom such license should be granted, and having had a due regard to the number and character of the petitioners for said license, and considering the facts and information had and obtained as aforesaid, the best interests of the community and of the county at large, and exercising what the court considered sound discretion, the application was refused." If this is not the exercise of a sound discretion, such as is contemplated by the act of 1891, and the decisions of this court, we are unable to say what is meant by the expression. The sixth section of that act declares: " The court of quarter sessions shall hear petitions from residents of the county, in addition to that of the applicant, in favor of and remonstrances against the application for such license, and in all cases shall refuse the same whenever in the opinion of said court, having due regard to the number and character of the petitioners for and against such application, such license is not necessary for the accommodation of the public, or that the applicant or applicants is or are not fit persons to whom such license should be granted," etc. As was said by Mr. Chief Justice PAXSON in Raudenbusch's Case, 120 Pa. 342: " We have no doubt the court may in some instances act of its own knowledge. The mere appearance of an applicant for license, when he comes to the bar of the court, may be sufficient to satisfy the judge that he is not

a fit person to keep a public house. The judge is not bound to grant a license to a man whom he knows to be a drunkard or a thief, or when he has actual knowledge that his house is not necessary for the public accommodation."

The right of the judges, in granting licenses such as that in question, to exercise their discretion cannot be doubted; but, being a legal discretion, it should be exercised wisely and not arbitrarily. As was said in the case last cited: "A judge who refuses all applications for license, unless for cause shown, errs as widely as the judge who grants all applications."

We have no doubt the discretion exercised in this case was both wise and sound.

Decree affirmed with costs to be paid by the petitioners.

See also the next case, and Gross's License, above, p. 344.