## Mark Gemas's License.   Mark Gemas's Appeal.

*Liquor license—Distiller's license—Act of June 9, 1891.*

By the act of June 9, 1891, P. L. 257, the granting of licenses to wholesale dealers, brewers, distillers, etc., of spirituous, vinous and malt liquors, is assimilated to a certain extent to the licensing of retailers, and is put within the discretion of the court of quarter sessions, but section 6 of the act giving a discretion to the court to refuse a license " whenever such license is not necessary for the accommodation of the public, or the ap-

plicant is not a fit person," etc., is qualified by the proviso of sec. 4 of the act, that the necessity "for the accomodation of the public . . . . shall not apply to a brewer or distiller."

Applicants are entitled to a hearing, and the discretion given to the court is a judicial discretion.

Where the only reason assigned for the refusal of the license is not a valid one under the statute, and there is no other ground for refusing it, the license should be granted: Johnson's License, 156 Pa. 322; Gross's License, 161 Pa. 344; Mead's License, 161 Pa. 375; Am. Brewing Co.'s License, 161 Pa. 378.

Argued May 15, 1895. Appeal, No. 46, July T., 1895, by Mark Gemas, from order of Q. S. Fayette Co., March T., 1895, No. 132, refusing a distiller's license. Before STERRETT, C. J., GREEN, McCOLLUM, MITCHELL and DEAN, JJ. Reversed.

Petition for distiller's license under act of June 9, 1891.

The petition, bond and justification of sureties complied with the terms of the act and the rules of court, and no remonstrances were filed against the application. The court indorsed upon the petition the following order:

"Now the 5th day of April, 1895, license is refused as unnecessary for the accommodation of the public."

*Error assigned* was above order, quoting it.

*E. D. Fulton, Boyd & Umbel* with him, for appellant.

No paper-book filed or argument offered for appellee.

OPINION BY MR. JUSTICE MITCHELL, May 30, 1895:

By the act of June 9, 1891, P. L. 257, the granting of licenses to wholesale dealers, brewers, distillers, etc. of spirituous, vinous or malt liquors, is assimilated to a certain extent to licensing of retailers, and is put within the discretion of the court of quarter sessions. This discretion, as we have frequently said is a judicial discretion, to be exercised for legal reasons and in a judicial manner. When so exercised it is not reviewable. It has been held accordingly that the applicant is entitled to a hearing, and a decision based on the evidence: Johnson's License, 156 Pa. 322; Gross' License, 161 Pa. 344; though the court's personal knowledge of certain facts such as the fitness of the applicant, etc. is a legitimate part of the case before it: Mead's License, 161 Pa. 375. In Gross' License, supra, the rules appli-

cable to the subject were very clearly and comprehensively stated by our brother DEAN, and may be briefly summarized as three in number, viz, that there must be a judicial hearing, that a refusal must be for a legal reason, and that where these two points appear, this court will not assume to discuss the correctness of the result reached by the court below.

In the present case there was a hearing and a refusal of a license for the reason, expressed of record, that it was "unnecessary for the accommodation of the public." We are of opinion that this was not a legal and valid reason. The petition was for a distiller's license, and section four of the act of 1891, which prescribes the requirements which the applicant shall set out in his petition, includes in its fifth item " that the place to be licensed is necessary for the accommodation of the public," but a proviso immediately adds that this requirement "shall not apply to a brewer, or distiller." It is said in the opinion of the court below which was affirmed in the Am. Brewing Co.'s License, 161 Pa. 378, that " it seems reasonable that the court should not have the same kind and extent of discretion in all kinds of licenses, and that the discretion should be greatest in the cases of hotels and restaurants whose principal trade is to sell liquor by the drink to the consumer and least in those of distillers who are manufacturers and farthest removed from the consumer." And it had been said before by this court in Pollard's Petition, 127 Pa. 507, 521, which arose under the act of 1887, that a wholesale license "is not granted for the convenience of a particular neighborhood, nor does it matter where the place of business is located. . . . The power to close up large establishments such as breweries, distilleries and wholesale liquor houses, when perhaps hundreds of thousands of dollars are invested therein, is too vast to be exercised by any man or court excepting on the clearest grant of legislative authority." Such grant has, since that decision, been clearly made by the act of 1891 in the case of wholesale dealers, but this particular requirement as to the accommodation of the public has been expressly omitted with regard to brewers and distillers.

It is true that section six of the act, in prescribing the mode of proceeding by the court upon hearing petitions in favor and remonstrances against the applications, gives a discretion

to refuse " whenever such license is not necessary, for the accommodation of the public, or the applicant is not a fit person," etc., yet as this section is general and prescribes the method for hearing and deciding all applications of every kind under the act, it must be read as to each kind with reference to the requirements for that kind only, reddendo singula singulis. Thus the judgment of the court as to the personal fitness of the applicant involves considerations of residence, citizenship, interest in other places where liquor is made or sold, conduct in regard to previous license, etc. applying equally to all kinds of licenses asked for.   But the consideration of public accommodation applies only to those licenses of which it is a requirement, and among these a distiller is not included.   To include him would be to nullify indirectly the express exemption in section four, and to do so most unjustly to the applicant by authorizing a refusal of a license upon a ground that he was expressly relieved from setting forth in his petition, and was nowhere directly or by reasonable implication required to prove.

We are of opinion therefore that the only reason assigned for a refusal of the license was not a valid reason under the statute in the case of a distiller, and unless there is other ground for refusing it, which does not appear, the license should be granted.

Judgment reversed and procedendo awarded.