## Jacob Quinton's License.   Jacob Quinton's Appeal.

*Liquor laws—Retail license—Discretion of court.*

Where the record of an application for a retail liquor license shows that the case was heard and considered by the lower court, the Supreme Court will not reverse an order refusing the license, although the lower court filed no opinion, and assigned no reason for its action. Gross's License, 161 Pa. 344, followed.

Argued May 27, 1895.   Appeal, No. 436, Jan. T., 1895, by Jacob Quinton, from order of Q. S. Northumberland Co., Feb. T., 1895, No. 47, refusing a retail liquor license.   Before GREEN, WILLIAMS, MCCOLLUM, DEAN and FELL, JJ.   Affirmed.

Application for a retail liquor license.

The record showed that remonstrances were filed. The court made the following order: "February 9, 1895, after hearing, the sureties on the within bond are approved and license as prayed for refused.

No opinion was filed or reasons assigned for the order.

*Error assigned* was above order.

*Vorris Auten, Charles B. Witmer* with him, for appellant, cited: Johnson's License, 156 Pa. 322.

No paper book filed or argument offered for appellee.

PER CURIAM, June 3, 1895:

The license in this case was refused after hearing. The order is the same as was sustained in Gross's License, 161 Pa. 344, and for the reasons stated in that and other cases, we decline to interfere with the action of the learned court below.

Decree affirmed and appeal dismissed at the cost of the appellant.