## Doberneck's Appeal.

*Liquor law—Refusal of license—Act of* 1891, *P. L.* 257.

Where the record shows that the license was refused after a judicial hearing the appellate court will presume, in the absence of anything on the record to the contrary, that the court below performed its duty according to law and will not review the case upon its merits.

Where the court sets forth reasons for its action the appellate court has authority to look into the case for the purpose of ascertaining whether the reasons assigned are legal reasons, but the appellate court will not assume that the court below acted arbitrarily or that such reasons had no existence in fact.

*Refusal of license—Unfitness of applicant.*

Where the court below assigns as a reason for refusal that the applicant is not a fit person to be licensed as a brewer and rests this conclusion upon "what was submitted to the court and upon personal observation," the record shows that the license was refused for a legal reason, and the case will not be reviewed on the merits.

Argued May 6, 1896. Appeal, No. 5, April T., 1897, by George L. Doberneck, from the decree of Q. S. Indiana Co., December Session, 1895, No. 49, refusing a brewers' license. Before RICE, P. J., WILLARD, WICKHAM, BEAVER, REEDER, ORLADY and SMITH, JJ. Affirmed.

Petition for brewers' license under act of June 9, 1891, P. L. 257. The petition, bond and justification of sureties complied with the terms of the act under the rules of court. A remonstrance was filed, supported by affidavits by residents of the county, against the granting of the license applied for, and assigned the same reasons assigned in Doberneck's Appeal, 1 Super. Ct. 99, with the additional reasons (1) that Indiana county is a prohibition county. (2) That the brewery during the former period of its operation was so conducted as to cause disorder, confusion and drunkenness in the town, that the former licensee, Frank M. Doberneck, was during said period assisted in the operation of the brewery and in the sale and delivery of beer therefrom by his brother, George L. Doberneck, the present applicant; and the conduct of the said George L. Doberneck in connection with the operation of said brewery

showed his incapacity to manage such business according to law.

The petitioner moved to strike the remonstrance and affidavits from the file. The hearing being had on the petition and remonstrances, and motion being had to strike the latter from the files, the court entered a decree refusing a license.

[And now April 10, 1896, after hearing the applicant, remonstrants and objectors through petitions, remonstrances, written statements, and arguments of counsel, the license was orally refused February 29, 1896, for the reasons that the applicant is not a fit person for the license applied for, and also in addition to this that the place which applied for the license is not a suitable or fit place for such a license. The right is reserved to file a more extended written opinion.] [2]

*Errors assigned* were, (1) refusing to strike remonstrances from the files; (2–5) refusing the order to grant a brewer's license, as prayed for, not approving the bond and not granting the license.

*J. A. C. Ruffner*, for appellant.—Practically there was nothing before the court below in this case that was not before it in last year's case, appealed to this court, reported as Doberneck's Appeal, 1 Super. Ct. 99.

*John H. Pierce*, for appellee.—If there was nothing in this case except the unfitness of the applicant, this alone would be a ground for refusal: Mead's Appeal, 161 Pa. 375; Thomas's Appeal, 169 Pa 111. There having been a judicial hearing and the license having been refused for a legal reason, the appellate court will not discuss the correctness of the result reached by the court below: Doberneck's Appeal, 1 Super. Ct. 99; Gemas's Appeal, 169 Pa. 43.

PER CURIAM, May 19, 1896:

In Jos. Kohnle Brewing Co.'s Appeal, 1 Super. Ct. 99, we held, following our own construction of the act creating this court in Colwyn v. Tarbotton, 1 Super. Ct. 179, that our jurisdiction on an appeal from an order of the court of quarter sessions revoking a license is the same as, and no greater than, that

exercisable by the Supreme Court upon certiorari prior to the act of May 9, 1889, P. L. 158. The same is true of an appeal from an order refusing a license. Many recent cases decided by the Supreme Court define that jurisdiction. It is unnecessary to cite them.

Where the record shows that the license was refused after a judicial hearing, the appellate court will presume, in the absence of anything on the record to the contrary, that the court below performed its duty according to law, and will not review the case upon its merits; but where the court sets forth on the record as part of its decree the reasons for its action, the appellate court has authority to look into the case for the purpose of ascertaining whether the reasons thus assigned are legal reasons. Gemas's License, 169 Pa. 43, and Doberneck's Appeal, 1 Super. Ct. 99, are cases where this revisory jurisdiction has been exercised.

These, and like cases, simply decide that an abuse of the discretionary power of the quarter sessions affirmatively appearing on the face of the record might have been corrected upon certiorari prior to the act of 1889 (P. L. 158), and may now be corrected on appeal. But if the reasons assigned by the court below are legal reasons, the appellate court will not assume that the court below acted arbitrarily or that the reasons assigned had no existence in fact. In the present case the learned judge below has assigned as one of his reasons for refusing the license that the applicant is not a fit person to be licensed as a brewer. He says in his opinion that he reached this conclusion from what was submitted to the court on the hearing, and from personal observation. We must assume the correctness of this conclusion. We cannot retry the case on its merits, or substitute our judgment and discretion upon the evidence for those of the tribunal established by law. The record showing that the license was refused for a legal reason, after a judicial hearing, the order is

Affirmed.