# Commonwealth of Pennsylvania v. George W. Kerns & Bro., Appellants.

*Liquor law—Refusal of license—Presumption of legal reason.*

It is not essential that the license court should set out on the record its reasons for refusing a license. In its investigations it is not limited nor confined to the objections stated in the remonstrance. Under the license system the legislature has imposed on the courts of quarter sessions the duty of hearing and acting upon license applications, and the power judicially to grant or refuse is lodged there. The legal presumption is that the matter was considered and decided within the statutory provisions; and that after a hearing resulting in a refusal of the license, there was a legal reason for the decree.

*Liquor law—Appellate jurisdiction of Superior Court—Mandamus refused.*

A petition for a bottler's license was refused in the following decree: "On motion of petitioner and after hearing in open court, it is ordered that the prayer of the petitioner be refused." *Held*, that a mandamus requiring the judges of the quarter sessions to grant the license cannot be awarded. The appellate court has many times held that where the indi-

vidual opinion of the license judge is the basis of the refusal such opinion cannot be reviewed, and that when judicial action has been had, a mandamus does not lie to control such judicial discretion although the appellate court may reverse where an illegal reason is actually assigned of record. Where no such reason is assigned the presumption is that the judicial action was based on a compliance with the statutory provisions.

Argued April 22, 1896. Appeal, No. 72, Nov. T., 1896, by George W. Kerns & Bro., petitioners from the judgment of Q. S. Philadelphia Co., refusing bottler's license. Before RICE, P. J., WILLARD, WICKHAM, BEAVER, REEDER, ORLADY and SMITH, JJ. Affirmed.

Petition for a bottler's license.

The petition was duly presented and bond filed. A remonstrance was filed by the Law & Order Society, alleging belief that the applicants are not proper persons to receive such a license, because during the present license year, while licensed as bottlers, the remonstrants are informed and expect to prove that they sold or furnished liquor to persons who maintain illegal places where liquor was sold without a license. The court below refused the license, finding no reason for said action.

*Error assigned* was "in refusing the license of George W. Kerns & Bro. to sell liquor at wholesale as bottlers."

*George Bradford Carr*, for appellant.

*Lewis D. Vail*, for appellee.

OPINION BY ORLADY, J., July 16, 1896:

Appellants presented their petition for a bottler's license, under the act of June 9, 1891, to which a remonstrance was filed, and the following decree made: " And now, April 4, 1896, on motion of petitioner and after hearing in open court, it is ordered that the prayer of the petitioner be refused."

The single specification of error is, " the court erred in refusing the license of George W. Kerns & Brother to sell liquor at wholesale as bottlers." We are asked to reverse the decree of the court below, and award a writ of mandamus requiring the judges to grant this license.

The reasons for the decree are not given, nor is it necessary that they should be on the record. In its investigation the court would not be limited by, nor confined to the objections stated in the remonstrances. Under our license system, the legislature has imposed on the courts of quarter sessions the duty of hearing and acting upon these applications; the power to judicially grant or refuse is lodged there. The legal presumption is that the matter was considered and decided within the statutory provisions; and that after a hearing resulting in a refusal of the license, there was a legal reason for the decree.

This power is not doubtful as shown by the many cases decided by the appellate courts of this state within the past year. In Thomas' Appeal, 169 Pa. 111, a wholesale liquor license case, the refusal was based upon the court's acquaintance as an individual with the district and that the house was not necessary. This decree was affirmed. "It is true it was the individual opinion of the judge, upon which this action was taken, but we have so many times held that such opinion may be the basis of decision that we regard the subject as settled, and do not deem it necessary to review the cases or to change them:" Gross's License, 161 Pa. 344; Mead's License, 161 Pa. 375; Am. Brewing Co. License, 161 Pa. 378; Kelminski's Appeal, 164 Pa. 231.

It is not necessary for the court below to file an opinion giving the reason for refusal: Toole's Appeal, 90 Pa. 376; Quinton's Appeal, 169 Pa. 115. But if the court put upon record a reason manifestly inadequate, and there is no other ground for refusing, it will be noticed and reversed, as in Gemas' Appeal, 169 Pa. 43; Doberneck's Appeal, 1 Pa. Superior Ct. 99. But where there has been a judicial hearing and a refusal for a legal reason, the reviewing court will not assume to discuss the correctness of the result reached by the court below, as was said in Gross' Appeal, 161 Pa. 344.

In a case of a brewer's application it was said: the office of a mandamus is to require the performance of a judicial function, not to regulate the mental processes of a judge. If he refuses or neglects to hear, we may enjoin upon him the performance of that duty; but when he has heard and decided, we cannot require him, unless in extreme cases, to lay his modes of reasoning and his moral standards before us that we may reverse his

discretion and substitute our own: Raudenbusch's Petition, 120 Pa. 328; Knarr's Petition, 127 Pa. 554.

The petitioners had a judicial hearing before two judges. A remonstrance suggesting a valid objection was filed, and on the record there is nothing to warrant this court in reversing the decree entered: Collarn's Petition, 134 Pa. 551.

As was said in Gross' License, 161 Pa. 344, "While, in these cases, the justices of the quarter sessions do not always set out on the record the reasons for their decrees, it is going very far to assume from that fact alone that they are made without lawful reasons. We can comprehend how a man's conscience may condemn as wrong a law of the land; but that sort of a conscience, so tender as to withhold approval of a law, yet which voluntarily takes an oath to administer it according to its true intent and meaning, and then deliberately violates it, is beyond our comprehension. We will not assume without incontrovertible evidence of record that there is such an one."

It is urged that as this application is for a bottler's license, the rules given do not apply, because, they with distillers are expressly exempted from adducing proof, that the place to be licensed is necessary for the accommodation of the public, by the fifth paragraph of section 4 of the act of June 9, 1891, P. L. 257, and that fact is not to be considered in disposing of their applications, as in Gemas' License, 169 Pa. 43. In that case the license was refused by the lower court "as unnecessary for the accommodation of the public," and in reversing, the Supreme Court say, "We are of opinion that the only reason assigned for a refusal of the license was not a valid reason under the statute in the case of a distiller; and unless there is other ground for refusing it, which does not appear, the license should be granted."

And in the opinion:—"The judgment of the court as to the personal fitness of the applicant, involves considerations of residence, citizenship, interest in other places where liquor is made or sold, conduct in regard to previous license, etc. applying equally to all kinds of licenses asked for."

Appellant's argument does not cover the case. Every fact required by the act, must be determined as true before the appellant is entitled to the license; and if after a hearing the judge is satisfied, that one or more of the material averments

are not satisfactorily proved, he has at once the legal reason for refusing the license. While proof is not required that the place to be licensed, for a brewery or distillery, is necessary for the accommodation of the public, this act does not exempt them from the other wise provisions of the system.

The decree is affirmed and appeal dismissed at the cost of appellant.