## Kilgore & Company's License.

*Liquor law—Refusal of license—Presumption—Appeal.*

There is no abuse of discretion in refusing an application for a wholesale liquor license, even if there be no remonstrance, without putting on record the reasons for such refusal.

The presumption is that the license was refused for a legal reason and not arbitrarily.

Argued April 18, 1900. Appeal, No. 1, April T., 1901, by John Kilgore & Co., in the matter of their petition for a wholesale license, from decree of Q. S. Westmoreland Co., Feb. T., 1900, No. 6, refusing a wholesale license. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ., Affirmed. Per Curiam.

Petition for wholesale license. Before the court in banc.

It appears from the record that an application was made under the Acts of March 27, 1866, P. L. 332, April 11, 1866, P. L. 766, April 5, 1870, P. L. 910, and June 9, 1891, P. L. 257. There were no remonstrances filed against the granting of the license.

The court below made the following order: " And now, March 27, 1900, after full hearing at time fixed by rule of court, and after due consideration, the within application is refused." Petitioner appealed.

*Error assigned* was the record showing that no objections were made or remonstrances filed to the application. The court erred in refusing same.

*Jno. B. Keenan*, with him *R. Coulter, Jr., Chas. D. Copeland* and *Jno. B. Head*, for appellants.

No paper-book or appearance, for appellee.

PER CURIAM, May 24, 1900:

It has been held repeatedly that it is not an abuse of discretion, and, therefore, it is not reversible error, for the court of quarter sessions to refuse an application for a wholesale liquor license — even if there be no remonstrance — without putting on record the reasons for such refusal. The presumption from this record is, that the petitioners were accorded a full hearing, that the court gave due consideration to the evidence and had due regard to the number and character of the petitioners for the application, and that the license was refused for a legal reason and not arbitrarily. Such being the case, we have no authority to review its action further.

The order is affirmed.