# Moore's License.

*Liquor law—Refusal of license—Necessity—Misconduct of applicant.*

1. The law relating to the granting of liquor licenses requires that the court shall have due regard to the number and character of the petitioners for and against the application in determining the question of necessity; but this does not imply that the question is to be determined in favor of the side presenting the weightiest petition in number and character of signers.

2. The words "due regard" in the act mean such regard as the circumstances of the case demand, and these circumstances include the knowledge possessed by the court, facts whereof judicial knowledge should be taken, the testimony of witnesses and the opportunities of petitioners and remonstrants for knowing the things about which they volunteer information.

3. The judgment of the court as to the personal fitness of the applicant for a liquor license involves consideration amongst other things of his conduct of the business under the license he had during the preceding year.

4. If it appears that an applicant, through his bartenders, had frequently and at different times sold liquors to minors whose appearance showed that they were minors, the application will be refused, although the applicant testifies that he had warned his bartenders not to sell to minors.

Argued May 6, 1914. Appeal, No. 152, April T., 1914, by C. H. Moore, from order of Q. S. Indiana Co., Dec. T., 1913, refusing a liquor license. Before RICE, P. J., ORLADY, PORTER, HENDERSON, KEPHART and TREXLER, JJ. Affirmed.

Application for a liquor license.

TELFORD, P. J., filed the following opinion:

Now, February 14, 1914, there was filed in this case, in favor of the applicant, a petition signed by ninety-five residents of the ward. As against the application and certifying that the license applied for was not necessary for the accommodation of the public and entertainment

of strangers and travelers, we have a remonstrance signed by over 200 residents of the ward.

The questions raised by these petitioners and remonstrances, is not whether the hotel is necessary to be continued for the public accommodation, but whether for the accommodation of the public and the entertainment of strangers and travelers, it is necessary to give to it the privilege of selling intoxicating liquors.

The law recognizes the right in a proper case to so provide for the public demand.

Instead of calling witnesses upon the stand to inform the court, the law recognizes the right of residents to present in writing, their petition favoring, or their remonstrance against the necessity.

So far as the voting population of this ward is concerned, ninety-seven have indicated their opinion of its necessity, whilst eighty-three have indicated their opinion in writing that it is not necessary.

With the last-named remonstrants, more than 100 women residents of the ward have joined. The right of women to be heard is admitted and since the movement for women's suffrage is apparently so near a favorable conclusion, whereby they will have a voice in affairs on an equality with the present electors, there is no reason why they should not be given as much consideration in this case as they will eventually be given in every case submitted to a popular vote.

There is some difference of opinion as to the weight to be given to this character of evidence in a license court. In some jurisdictions it is practically ignored without consideration, as being evidence of little value.

The Supreme Court of this state, however, has determined otherwise. In a recent case that court has said:

"In the granting of licenses to wholesale and retail dealers the question of necessity, applicable alike to corporations and to natural persons, is of first importance, and in such cases nearly every resident of a com-

munity has a fixed opinion upon this question which can as well be indicated by signing a petition or remonstrance as in any other manner. In an issue of this kind, the number and character of signers should have great weight with the court:" Indian Brewing Co.'s License, 226 Pa. 56.

In this case, however, in reaching a conclusion, there are other matters to consider. Charges have been filed against the applicant that during the term of the license which he now holds, sales have been made to minors and to persons of intemperate habits. Testimony was also presented showing that in certain cases where notice had been given not to sell to members of a family, such notices were disregarded.

We find as a fact from this evidence, that sales were made to three minors, to one of them frequently, covering a considerable period of time. It appears that no questions were asked in any of these cases, although in all cases the appearance of the witnesses should, in the opinion of the court, have led to a refusal.

Two witnesses, and the one to whom frequent sales were made is a resident in the ward of the applicant, and if any effort had been made, their ages could have been ascertained.

There is also evidence of sales to persons known to the court to be persons of intemperate habits, although no evidence was submitted to show that such knowledge was general.

It is not clear from the evidence that notices of relatives that liquor should not be furnished to persons named, were not withdrawn.

A person who is granted a license is intrusted with that license by the court, with the understanding that the conditions under which the license is granted will be carried out.

A sale to a minor is made a crime under the law. It is a sufficient cause for revoking the license and a sufficient cause for refusing one.

In this case the applicant has testified to the warnings which he has given to his bartenders, and places the responsibility for what occurred at his bar, upon his employees. This, however, will not relieve him. Whilst, if he did not himself make or authorize or encourage the sale to a minor, he could not be convicted in a court, yet a licensee cannot escape responsibility for the conduct of the bartender that he puts in charge of his saloon, upon a hearing in a license court.

In a consideration of the infractions of the law of which we have proof, and in consideration of the number and character of petitioners and remonstrants upon the question of the necessity, this license is refused.

On petition for a rehearing TELFORD, P. J., filed the following opinion:

The reasons given why this license ought not to be granted were, first, because it was not necessary for the accommodation of the public and the entertainment of strangers and travelers. The second reason raised the question of the applicant's fitness to conduct a bar for the sale of intoxicating liquors, and was sustained by evidence of violations of the law during the term of his license preceding that for which he now applies.

Holders of license have a duty to know and observe the law. They may ignore the rules and regulations suggested by the court in its effort to limit the injury to the community, which results from a licensed bar, as was done in this case, but the court cannot and will not ignore proven infractions of the law.

The strong remonstrance from the applicant's ward presented in this case, may in some cases have been simply a statement of opinion on the license question generally, as contended for by the applicant, but the fact that those in charge of the bar were not careful to observe the law and regulations of the court, may also have aided in forming that judgment of those who say this license is not necessary.

It has been urged upon us in argument that this bar is not exceptional in its violations of law; that others who have received license have been guilty of more grievous infractions. If so, we were not informed of it.

The only reasons urged upon us for a rehearing in this case relate to the profit or loss in the hotel business as conducted by this applicant with a licensed bar, or without that adjunct. These are questions that we cannot consider in the face of proven violations of the law.

We have endeavored in the past to have holders of license clearly understand that the charges of violations of the law sustained by proof, would forfeit the right of an applicant to a license.

Now, March 23, 1914, the application for a rehearing is refused.

*Error assigned* was the order of the court.

*William Banks*, with him *Watson & Watson*, for appellant.—The discretion vested in a court of quarter sessions to grant or refuse a liquor license is a judicial discretion, to be exercised for legal reasons, and in a judicial manner. When so exercised it is not reviewable; but where the court without willful abuse or intentional wrong, but through an honest or erroneous opinion as to the nature of its discretion, and as to the legal principles governing its exercise, refuses to grant a license, the appellate court will set aside the action of the lower court: Windber Brewing Co.'s License, No. 2, 54 Pa. Superior Ct. 287.

*John H. Pierce*, for appellees.—In its opinion the court states that the refusal was in consideration of the number and character of petitioners and remonstrants upon the question of necessity. This was a proper reason for refusal under the Act of Assembly: Shearer's License, 26 Pa. Superior Ct. 34; Gemas's App., 169 Pa. 43; Doberneck's App., 1 Pa. Superior Ct. 99; Free's

License, 33 Pa. Superior Ct. 348; Knarr's Petition, 127 Pa. 554; Collarn's Petition, 134 Pa. 551; Netter's App., 11 Pa. Superior Ct. 566; Kilgore's App., 13 Pa. Superior Ct. 543.

The question of a licensee's negligence in selling liquors to minors is one of fact to be determined exclusively by the license court. Its finding is not reviewable on appeal: Moyer's App., 8 Pa. Superior Ct. 475.

The judge, in refusing license, may act on his own personal knowledge of conditions: Mitchell's License, 48 Pa. Superior Ct. 406; Raudenbusch's Petition, 120 Pa. 328; Sparrow's Petition, 138 Pa. 116; Gross's License, 161 Pa. 344; Mead's License, 161 Pa. 375; American Brewing Co.'s License, 161 Pa. 378.

OPINION BY RICE, P. J., July 15, 1914:

This is an appeal from an order refusing the appellant's application for a retail liquor license. The court filed an opinion in which the questions of necessity for the license and of the fitness of the applicant were discussed, and which concluded with the following order: "In a consideration of the infractions of the law of which we have proof, and in consideration of the number and character of petitioners and remonstrants upon the question of necessity, this license is refused." In his opinion denying the application for a rehearing, the learned judge summarized his reasons for refusing the license as follows, as he had a right to do under the authority of Mead's License, 161 Pa. 375: "The reasons given why this license ought not to be granted were, first, because it was not necessary for the accommodation of the public and the entertainment of strangers and travelers. The second reason raised the question of the applicant's fitness to conduct a bar for the sale of intoxicating liquors, and was sustained by evidence of violations of the law during the term of his license preceding that for which he now applies."

1. The mandate of the statute is that the court shall

have due regard to the number and character of the petitioners for and against the application in determining the question of necessity. The words "having due regard," even if they stood alone, would not clearly imply that the question is to be determined in favor of the side presenting the weightiest petition in number and character of signers, and the context shows quite clearly that such was not the legislative intent. The right given by the statute is to be heard by evidence and petition, not simply by evidence or petition, and this right implies a right to have both evidence and petition considered by the court when both are presented. The words "due regard" mean such regard as the circumstances of the case demand, and these circumstances include the knowledge possessed by the court, facts whereof judicial knowledge should be taken, the testimony of witnesses, and the opportunities of petitioners and remonstrants for knowing the things about which they volunteer information: Reznor Hotel Company's License, 34 Pa. Superior Ct. 525. It was impliedly ruled in Sparrow's Petition, 138 Pa. 116, and expressly declared in Indian Brewing Company's License, 226 Pa. 56, that the court may attach "great weight" to the remonstrances in determining the question of necessity. And it is inferable, from the two opinions it filed, that the court did so in the present case. But we cannot say that they positively and affirmatively show that the court determined that question solely upon the consideration of the number and character of the petitioners for and against the license, or that they clearly warrant an inference that other considerations were ignored. Taking the two opinions together, the remarks of Chief Justice PAXSON, in Sparrow's Petition, supra, fairly express the view that should be taken of them, so far as they relate to the question of necessity: "In the case in hand, the learned judge has undoubtedly attached great weight to the remonstrances. He does not appear, however, to have wholly substituted the

judgment of the remonstants for his own. The most that can be said is that they were of sufficient weight to convince him that the license was not a matter of public necessity. In the view we take of the case, this was not an abuse of discretion. We are not called upon to say whether it was exercised wisely."

2. The judgment of the court as to the personal fitness of the applicant for a liquor license involves consideration, amongst other things, of his conduct of the business under the license he had during the preceding year: Gemas's License, 169 Pa. 43. Here, the order shows that one of the reasons for which the license was refused was that infractions of the law had been proved. By no sort of casuistry can the conclusion be sustained that this rebuts the presumption that the reason which moved the court to refuse the license was a legal reason; on the contrary, the words of the order sustain the presumption. But it is argued that, under the findings of fact set forth in its first opinion, the court could not, in the exercise of a judicial discretion, rightfully refuse to grant the application upon the ground of the unfitness of the applicant. We cannot assent to this conclusion. As shown by its opinion, the court found that the charge against the applicant, of selling liquor to minors during the term of the license he then held, was sustained by proof, that "sales were made to three minors, to one of them frequently, covering a considerable period of time;" that "no questions were asked in any of these cases, although in all cases the appearance of the witnesses" (who, it is presumable from the context, were the minors) "should, in the opinion of the court, have led to a refusal;" and that two of the minors, to one of whom frequent sales were made, resided in the appellant's ward, "and if any effort had been made their ages could have been ascertained." It is to be presumed, on appeal, that these findings of fact were supported by the evidence and the appearance of the persons to whom the illegal sales were made.

It is unnecessary to cite authorities for a proposition that has been so many times decided. Thus viewing the findings, the case presented is not that of a single sale, or two or three sales, to a minor or minors having the appearance of being of·full age, but of many and frequent sales at different times to minors whose appearance showed that they were minors. The holder of a liquor license takes upon himself responsibility for the general conduct of the business, and, where upon his application for a renewal his fitness is called in question, the court may properly take into consideration the manner in which he has conducted that business. His unfitness may be shown by his personal violations of the liquor laws, and also by his negligence in conducting it. Where the evidence not merely shows sporadic and inadvertent infractions of the law by his bartender, but the facts proved warrant the conclusion that the business, for the general conduct of which the license holder is responsible, was conducted in disregard of one of the most stringent, as well as most salutary, inhibitions of the statute, it cannot be said that the court abused its discretion in not accepting his testimony as to the warnings he had given his bartenders as conclusive of the question whether the manner in which the business was conducted showed his unfitness. It is to be borne in mind that it is the discretion of the court of quarter sessions, and not ours, that is to control in the determination of that question. "If the court has in a lawful manner performed the duty imposed upon it, it is not our business to inquire whether it has made a mistake in its conclusions of fact. Whether the same facts induce in our minds the same belief as in that of the court below, as to the character of the applicant, or other material averments, is wholly immaterial; it is the discretion of the court of quarter sessions, not ours, that the law requires:" Gross's License, 161 Pa. 344. Viewing the record and the opinions filed by the learned judge, in the light of this well-settled principle, we are

unable to conclude that there was any irregularity in the proceedings or abuse of discretion which would justify us in setting aside its order.

The order refusing the application and the subsequent orders denying the application for rehearing are affirmed.