## Cambria County Brewers' Licenses. Appeal of Groenner & Co. et al.

*Liquor laws—Licenses—Brewers—Refusal of licenses — Reason for refusal—Question on appeal.*

If the court of quarter sessions, refusing licenses for all brewers in the county, makes a final order to the effect that "After full hearing and upon due consideration, the application is refused," it would be presumed, upon appeal, that a hearing was had, and that the court had performed its duty. Where, however, the court below sets forth its reasons for refusal of licenses, it becomes the duty of the appellate court to examine into the reason given, and

40, (1921).]              Syllabus—Arguments.

to set aside the action of the court as an abuse of discretion, if the reason set forth is not a legal reason.

*Liquor laws—Licenses—Brewers—Scope of examination—Necessity—Fitness of applicant—Act of June 9, 1891, P. L. 257.*

The only question, under the Act of June 9, 1891, P. L. 257, for the consideration of the court in granting, or refusing, an application for a brewer's license, is whether the applicant is, or is not, a fit person to whom the license should be granted. The question as to necessity does not apply to a brewer or distiller. Where the court has refused licenses to brewers, without passing upon their fitness, the order of the court must be reversed.

*Liquor laws—Licenses—Hearing—Refusal to submit to examination—Rules of court.*

The court of quarter sessions cannot discharge its statutory duty to those who apply for licenses as brewers without a hearing. If it appeared, from the record upon appeal, that an applicant had refused to appear and be examined in the court below, an appeal, by such applicant, from the order refusing a license, would be dismissed. No rule of court could divest the court of its statutory authority to examine the applicant.

Argued October 26, 1921. Appeals, Nos. 44, 45 and 46, April T., 1922, by Groenner & Company, Cambria Brewing Company, and South Fork Brewing Company from order of Q. S. Cambria County, March sessions, 1921, refusing all liquor licenses in Cambria County. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ. Reversed.

Petitions for liquor licenses as brewers.

The opinions filed in the court below are printed in full in the report of Cambria County Liquor Licenses: Plummer's Appeal, 78 Pa. Superior Ct. 28.

*Error assigned* was the order of the court, quoting it.

*Philip N. Shettig,* and with him *F. J. Hartmann,* for appellants.—As to a brewing company, the question of necessity cannot arise: Indian Brewing Company's License, 226 Pa. 56.

OPINION BY PORTER, J., December 12, 1921:

These separate appeals are from orders refusing the appellants' respective applications for license as brewers. Groenner & Co. is a copartnership and the other appellants are domestic corporations. This is the final decree which in each of the appeals is assigned for error: "Now, May 3, 1921, after full hearing and upon due consideration, all applications for liquor license for the year 1921, are, for the reasons above given, refused, and the clerk of the court is directed to make each and all of said license applications, both wholesale and retail, ......'Refused.'" The appeals may be considered, first, in the light of the several records proper, and, second, in the light of the opinions delivered by the president judge and the associate judge, learned in the law, of the court below. The record proper in each case comprises the petition for a license, certificate of electors, and bond, all admittedly in due form and regularly filed. If the final order in each case had simply been in the form, "After full hearing and upon due consideration, the application is refused," it would be legally presumed from the order, that the applicants had a full hearing, at a time duly fixed by rule or standing order of the court and that the court had performed its duty to hear and decide according to law: Empire Brewing Company's License, 47 Pa. Superior Ct. 547; Gross's License, 161 Pa. 344; American Brewing Company's License, 161 Pa. 378. There is, therefore, nothing in the record proper which would require the reversal of the orders of the court below.

It is well settled that, where the court of quarter sessions sets forth in its final order the reason for which it refuses the application for a license, thus making it a part of the record, and the reason thus set forth is not a legal reason, its action will be set aside by the appellate court as being an abuse of discretion and, therefore, not according to law: Gemas's License, 169 Pa. 143. The same has been held, practically, where the court

filed an opinion in connection with the order, which was evidently intended to express its reason or reasons for refusing the application: Indian Brewing Company's License, 226 Pa. 56; Mead's License, 161 Pa. 375; Venango County Liquor Licenses, 58 Pa. Superior Ct. 277, and cases above cited. We are, therefore, authorized, and it is our duty in the present instance, to examine the opinions filed in the court of quarter sessions, for the purpose of ascertaining the basis or grounds of the final order assigned for error; particularly is this so in the present case, because the order refers to "the reasons above given," as the grounds for its refusal. The opinion filed by the president judge of the court below discloses that he was convinced that the licenses which these appellants prayed for ought to be granted and that the applications were refused for the reason that his brother judge learned in the law, was of opinion that there was no necessity for the granting of any liquor licenses in Cambria County; the licenses were refused because the judges were divided in opinion.

We must, therefore, examine the opinion of the assistant judge, learned in the law, to ascertain the grounds upon which the refusal was based. We learn from that opinion that because the judges of the court had become convinced that it was their duty, under then existing conditions, "to require all applicants for license to appear before the court and submit to an examination, at the hearing of their applications, and all applicants were notified that they would be required to appear before the court and submit to an examination upon any matters bearing upon the necessity for the license, fitness of the applicant, including the inquiry as to whether or not there had been any violation of any of the liquor laws of the State by the applicant, and that in this inquiry was included the question as to whether or not the applicant had violated the provisions of the Volstead Act." There had been filed four applications for brewer's license, but, after receiving this notice to appear and

submit to an examination by the court, only one of the applicants appeared at the hearing. The remainder of the applicants, through their counsel, advised the court that they declined to submit to the examination. It is unfortunate that the names of the applicants who thus refused to go into a hearing as to their fitness are not stated in the opinion of the learned judge. It is difficult to understand why any one of these applicants, if he was the one who appeared at the hearing and was examined, should have carefully refrained from making that apparent in the printing of his paper-book. It seems certain that at least two out of three of these appellants refused to appear and be examined as to the manner in which they had carried on their business during the preceding year. The sixth section of the Act of June 9, 1891, P. L. 257, under which these applications were presented requires the court to hear petitions from residents of the county in favor of and remonstrances against the application for such license, "and in all cases shall refuse the same whenever in the opinion of the court, having due regard to the number and character of petitioners for and against such application......the applicant or applicants is or are not fit persons to whom such license should be granted." The second section provides, inter alia, that "the said court shall fix by rule or standing order a time at which application for said license shall be heard, and at which time all persons applying or making objection to applications for license may be heard by evidence, petition, remonstrance or counsel." A decree without hearing or opportunity for hearing at a time fixed by rule or standing order, as the law directs, would be manifestly illegal, and on certiorari would be set aside: Gross's License, 161 Pa. 347. The court ought not to refuse a license without a hearing or opportunity for hearing, and it is equally clear that the applicant has no right to a license without a hearing, in case the court requires him to submit to an examination. "The law evidently contemplates action

by the court in accordance with the knowledge it has of the character of the applicant and the needs of the locality in which he proposes to carry on business under the license, but this action is not necessarily founded upon the knowledge exclusively derived from the evidence and petitions produced on the hearing, it may, and sometimes very properly does, act of its own knowledge obtained from observation of the applicant and acquaintance with the district": Kelminski's License, 164 Pa. 231; Thomas's License, 169 Pa. 111. The judgment of the court may well be founded on the manner in which an applicant has conducted his business under a previous license: Gemas's License, 169 Pa. 43. The question is a matter of public concern. The duty of the court to hear and decide is not confined to those cases in which remonstrances are filed; in the absence of any remonstrance, it may require testimony to be produced, and it may, of its own knowledge of the unfitness of the applicant, or of his failure in other particulars to meet the requirements of the law, refuse the application: Gross's License, supra; Shearer's License, 26 Pa. Superior Ct. 34; Empire Brewing Company's License, 47 Pa. Superior Ct. 547. Two of these applications are, it is true, made by incorporated brewing companies, but while a corporation has no personal attributes, it may be rendered unfit to have a license within the meaning of the law by corporate acts committed in violation of law by its directors, officers and authorized agents: Indian Brewing Company's License, 226 Pa. 60. When these brewing companies were notified that they would be examined as to the manner in which they had conducted their business, it became their duty to have in court the officers and agents who had conducted that business. A rule of the court below required each applicant for a license to file, with his application, an affidavit stating that he had not knowingly or willfully violated the law relating to the sale of intoxicants during the preceding year. Counsel representing the appellants argue that

as these applicants had filed the affidavit required by this rule of court they were thereby relieved from submitting to any further examination and that it was not within the power of the court to require them to appear for such examination at the hearing. We are of opinion that no reasonable construction of the rule of court can give it that effect. No rule of court could divest the court of its authority, expressly conferred by statute, to examine the applicant, as to his qualifications, upon the hearing of his application. If it clearly appeared from this record which of these appellants had refused to appear and be examined, upon the hearing of the applications, we would have no hesitation in dismissing the appeal of those so refusing to appear, but some one of the appellants may have appeared and, as the identity of that one cannot be fixed, we will not dismiss any of the appeals.

The only question, under the statute, for the consideration of the court in granting or refusing an application for a brewer's license is whether the applicant is or is not a fit person to whom the license should be granted. The opinion of the learned additional law judge of the court below dealt with all the applications for license to sell liquor, wholesale, retail and brewers, as standing upon the same footing and to be disposed of upon the same principles. It does not refer to the fitness of any applicant, but deals exclusively with the necessity for any license in Cambria County. He thus states the conclusion at which he arrived: "We are, therefore, of the opinion that under the facts as they appear to us there is no necessity for the granting of any liquor licenses in the County of Cambria, and as far as we, as one of the judges in this court are concerned, we make the following order and decree": "And now, March 7, 1921, all applications for the sale of liquor at wholesale and retail now pending before this court are refused." There is no escaping the conclusion that the only question upon which the learned judge based his action was that there was no necessity for any brewer's license in

40, (1921).]          Opinion of the Court.

Cambria County. In this the learned judge fell into error. The fourth section of the Act of 1891 provides that the question as to necessity shall not be passed upon by the court of quarter sessions, declaring, "as to whether the place to be licensed is necessary shall not apply to a brewer or distiller." The fitness of these applicants is a question upon which the court below has not passed. The orders of the court, in the several cases, must, therefore, be reversed, and the records remitted to the end that the court may discharge the duty imposed upon it by statute. That it cannot discharge its statutory duty without a hearing of the applicants, in the circumstances here presented, is manifest. The court below has ample authority to fix a time for such hearing and to require the applicants to have present at the hearing the officers and agents who have conducted the business of their several establishments, in order that such agents and officers may be examined by the court.

The order of the court below is, in each of these appeals, reversed and the record remitted with a procedendo.