## Smith's License

*Patrick E. O'Leary,* for Commonwealth.
*Paul S. Lehman,* for defendant.

UTTLEY, P. J., May 29, 1936.—Upon the petition of Charles J. Margiotti, Attorney General of Pennsylvania, a rule was granted on February 27, 1936, upon S. L. Smith of Lewistown, Pennsylvania, to show cause why the retail malt liquor license issued to him on May 31, 1935, and all the privileges thereunder granted to him by the Treasurer of Mifflin County should not be revoked.

The rule was returnable on March 23, 1936, at 10 a.m., at the courthouse, Lewistown, Pennsylvania, when and where the hearing thereon was to be held. S. L. Smith, the respondent, filed an answer to the petition and rule aforesaid, and the parties and their counsel appeared at the time and place fixed for the hearing.

The first three paragraphs of the petition, setting forth the application for the license, the furnishing of the surety bond for $1,000, the payment of the license and filing fees and the issuance of the retail malt liquor license, were all admitted in the answer of the respondent and upon the record of the hearing.

By agreement of counsel, the testimony taken in the cases nos. 13 and 14, October sessions, 1935, in the Court of Quarter Sessions of Mifflin County, in which the defendant was tried for the offenses alleged in the petition, was introduced in evidence and made a part of the record in this proceeding. Further testimony on behalf of the petitioner and respondent was taken at the hearing, transcribed and filed in the case.

The reasons assigned by the petitioner for the revocation of the license in this case are that beer was furnished to minors by S. L. Smith, the licensee, that beer was furnished to minors by an employe of S. L. Smith, the licensee, in the course of the employment of such employe and in the presence of the licensee, and that beer was furnished by the licensee, or one of the employes of the licensee in the course of his employment and in the presence of the licensee, to a person visibly intoxicated, all upon the licensed premises.

S. L. Smith, the respondent, was, on November 1 and 2, 1935, tried in this court upon indictment no. 13, October sessions, 1935, for selling or furnishing malt or brewed liquors to minors, and on indictment no. 14, October sessions, 1935, for selling or furnishing malt or brewed liquors to a person visibly intoxicated, and was convicted in both cases. The motions for a new trial were refused and sentences were imposed and appeals have

been taken therefrom. The grand jury at the October sessions, 1935, of this court, when the bills of indictment above mentioned were found, recommended in their general report "that the license of Mr. S. L. Smith under the laws of said Commonwealth to sell, trade or barter in malt or brewed beverages be revoked."

All of the above offenses are in direct violation of subsection (c) of section 23 of the Beverage License Law of July 18, 1935, P. L. 1217 which, under the title of "Unlawful Acts", reads as follows:

"It shall be unlawful . . . (c) For any licensee to sell, furnish or give any beverages to any person visibly intoxicated, or to any insane person, or to any minor, or to habitual drunkards, or persons of known intemperate habits."

The thirteenth section of the Act of May 3, 1933, P. L. 252, as amended by the Act of December 20, 1933, P. L. 75, known as the Beverage License Law, as reënacted and amended by the Beverage License Law of 1935, provides that upon the petition of the Attorney General to the court of quarter sessions "and upon sufficient cause being shown or proof being made to the court that the licensee holding a license, or any partners, members, officers or directors of the licensee, has or have violated any of the laws of this Commonwealth relating to the sale of malt or brewed beverages, or relating to the manufacture, sale or transportation of alcohol or other alcoholic beverages, it may, upon due notice and proper hearing being given to the person so licensed, suspend or revoke the said retail license issued by the treasurer."

We have before us, in the record of the trial of the respondent in no. 13, October sessions, 1935, the evidence that the respondent, on August 28th and on Labor Day, September 2, 1935, personally sold or furnished beer to Anna Hodgson, a girl 17 years of age whose appearance indicated that she was a minor and who had visited the licensed premises, known as the Kotton Klub, and been served with beer on a number of occasions. While the

respondent and his employes deny this, yet, after observing this girl on the witness stand and hearing her testimony and considering it together with all the other testimony in the case, we are satisfied, as the jury who sat upon the above case apparently were, that she was telling the truth.

The three girls, Kate McCartle, 18 years of age, Lena Brunett, 19 years of age, and Eloise Wagner, 17 years of age, all minors, who were with Anna Hodgson at the Kotton Klub on August 28, 1935, testified that they were also served with beer there at the time and that they visited the Kotton Klub on one other occasion. We are satisfied, therefore, that beer was served by S. L. Smith, the respondent, or his employes on the licensed premises, to minors, on a number of occasions.

The testimony as to the sales of beer to Francis Zeigler upon the licensed premises when he was visibly intoxicated is no less convincing. We are satisfied from the testimony of Francis Zeigler himself, his companion, Leon Yonnick, and Officer Arthur E. Beale, at the trial of the defendant on no. 14, October sessions, 1935, and the testimony of Officer Arthur E. Beale and Officer C. J. Campbell, at the hearing on this rule, that the employes of S. L. Smith, the respondent, in his presence and with his knowledge and consent, on September 4, 1935, sold or furnished beer to Francis Zeigler, a person visibly intoxicated who became so by the beer furnished and which he had consumed on the licensed premises.

From the testimony taken on the trial of the above cases, at which the writer of this opinion presided, and the additional testimony taken upon the hearing under this rule, we are satisfied and therefore find as matters of fact that S. L. Smith, the respondent, did upon August 28th and on Labor Day, September 2, 1935, sell or furnish beer upon the licensed premises to Anna Hodgson, a girl of 17 years of age whose appearance indicated that she was a minor, and that during Fair Week, 1935, an employe of the respondent on the licensed premises,

when the respondent was present, sold beer to Anna Hodgson, a minor, and further that an employe of S. L. Smith, the respondent, in his presence and with his knowledge and consent, on September 4, 1935, on the licensed premises, sold or furnished beer to Francis Zeigler, a person visibly intoxicated who had become so while drinking beer on the licensed premises of the respondent, known as the Kotton Klub.

It is contended, however, by counsel that the respondent could not be held responsible in the cases of Lena Brunett, Kate McCartle and Eloise Wagner, minors, and Francis Zeigler, a person visibly intoxicated, because the beer was sold or furnished by the employes of the respondent and not by the respondent personally.

The language of subsection (c) of section 23 of the Beverage License Law of 1935 is similar to the language of section 17 of the Act of May 13, 1887, P. L. 108, known as the Brooks High License Law, and therefore the presumption is that it is intended to be interpreted in the same way: Reinhardt's License, 24 D. & C. 207; Buhl's Estate, 300 Pa. 29.

Under the Brooks High License Law of 1887, it has been held that if it appears that an applicant, through his bartenders, has frequently and at different times sold liquor to minors, whose appearance showed that they were minors, the application will be refused although the applicant testified that he had warned his bartenders not to sell to minors: Moore's License, 58 Pa. Superior Ct. 225.

Where sales were made to minors, well known to both the defendant and his wife to be such, and where there was evidence that the minors frequented the saloon and bagatelle room and had been furnished with liquor in his presence, and the case is submitted to the jury and a verdict of guilty rendered under proper instructions as to the bona fides of defendant's orders forbidding sales to minors, the judgment will not be disturbed: Commonwealth v. Newhard, 3 Pa. Superior Ct. 215.

So, also, where a defendant was indicted for selling liquor to men of intemperate habits, and he defended on the ground that the liquor was sold by his clerks, and the court charged that, if the defendant was aware that his clerks were selling to such persons or if he assented to or promoted such sales, he was guilty, the charge of the court was held to be correct and the verdict of guilty and judgment of the court below were affirmed: Zeigler v. Commonwealth, 22 W. N. C. 111.

The jury in the trial of the respondent in no. 14, October sessions, 1935, were instructed as to the bona fides of the defendant's orders forbidding sales to minors and persons visibly intoxicated, and they found the respondent guilty of furnishing malt or brewed liquors to Francis Zeigler, a person visibly intoxicated. We agree with the finding of the jury in the above case and, from the evidence, are of the opinion if such instructions were given by the respondent to his help they were not given in good faith.

The contention that the liquor was not furnished by the respondent or his employes directly to these young girls, but to their escorts, who in turn furnished a part of it to them, is without merit. Where one sells liquor to another who in his presence hands a part of it to a minor, the seller is guilty of selling liquor to a minor. All parties to a misdemeanor are principals: Commonwealth v. Steffner, 2 Dist. R. 152.

Under the Beverage License Law of 1933, and under the amendatory Act of December 20, 1933, P. L. 75, the court of quarter sessions has the power to revoke a malt liquor license for cause shown other than a violation of the laws of the Commonwealth relating to the sale of malt liquors or relating to the manufacture, sale or transportation of alcoholic liquors: Revocation of Mark's License, 115 Pa. Superior Ct. 256.

Under all the evidence in this case we are of the opinion that the retail malt liquor license issued by the Treas-

urer of Mifflin County on May 31, 1935, to the respondent should be revoked.

*Decree*

Now, May 29, 1936, after due consideration, the rule issued in this case is hereby made absolute and the retail malt liquor license issued on May 31, 1935, by the Treasurer of Mifflin County to S. L. Smith, the respondent, for premises 261 West Third Street in the Borough of Lewistown, Mifflin County, Pa., authorizing the sale of malt liquors subject to the provisions of the acts of assembly of Pennsylvania governing the same, is hereby revoked; the costs of this proceeding to be paid by the respondent.