## Commonwealth v. Rose

*J. E. Gehringer*, for Commonwealth.

*D. M. Garrahan*, for defendant.

HENNINGER, J., May 31, 1938.—Defendant holds a restaurant liquor license for premises 846 North Fourth Street, Allentown, Pa. He was indicted on three counts: (1) For selling, furnishing, and giving liquor, malt, and brewed beverages to minors; (2) for permitting liquor, malt, and brewed beverages to be sold, furnished, and given to minors; and (3) for allowing minors, not accompanied by parents or guardians and not under proper supervision, to frequent his licensed premises.

He was acquitted on the first count and convicted on the last two and now moves for a new trial because of (1) denial of his motion to quash the indictment for duplicity; (2) no evidence that minors were "not under proper supervision"; (3) no evidence that defendant knew his employes were violating the law.

In considering defendant's motion to quash, we must remember that we are testing the second count alone, namely, that defendant permitted certain prohibited acts to be done upon his licensed premises. The gravamen of the prohibited acts is the furnishing of liquor to minors, and whether it was sold or given is immaterial.

Since the crime charged is the "permitting" of unlawful acts, it is not duplicity to allege that a series of unlawful acts were committed, especially where, as here, all occurred at the same time and place. Furthermore, since selling, furnishing, and giving are all aspects or stages or phases of a single unlawful act, it is not duplicity to charge all three in a single count, though each in itself is separately indictable: Jillard v. Common-

wealth, 26 Pa. 169; Commonwealth v. Kolb et al., 13 Pa. Superior Ct. 347; Commonwealth v. Basha, 80 Pa. Superior Ct. 320.

The indictment, under a statute making punishable the doing of one thing "or" another "or" another, may allege in a single count that defendant did as many of the forbidden things as the pleader chooses, employing the conjunction "and" when the statute has "or", and it will not be double, and it will be established at the trial by proof of any one of them: Commonwealth v. Cook, 98 Pa. Superior Ct. 117. The limitation as set forth in Commonwealth v. Saler, 84 Pa. Superior Ct. 281, that, where the provisions in a statute constitute a catalogue of separate and distinct offenses, such unrelated offenses may not be included in one count, does not apply to this case. Selling, furnishing, and giving are all phases or stages of the same offense, and permitting all three or any one of them is a single offense. There was, therefore, no duplicity in the second count of the indictment and no error in the refusal to quash.

The Commonwealth fully met any burden imposed upon it to prove that the minors frequenting the restaurant were not under proper supervision. Several of the minors testified that they were frequent visitors to this restaurant, that they came unaccompanied, that they came for dancing, and that the waitresses knew they were minors. This testimony was uncontradicted. At the request of defendant, the court charged that the burden was upon the Commonwealth to prove beyond a reasonable doubt that these minors were "not under proper supervision". This burden was met when the Commonwealth offered the testimony of several of the minors that they had come there frequently, not to eat but to dance, that they came unaccompanied by any adult and that the beer they drank was purchased by young men whom they met there and who had in several cases barely attained their majority. This testimony was uncontradicted and disclosed no supervision of any kind.

From this evidence the jury could easily be convinced beyond any reasonable doubt that there was no proper supervision, especially since defendant made no attempt to show any. Furthermore, since the crime is permitting the frequenting by minors and since the language "and not under proper supervision" is an exception and expressed in the negative, the burden was upon defendant to prove the exception (Commonwealth v. Batch, 120 Pa. Superior Ct. 592), and he, therefore, procured a more favorable charge than he was entitled to.

On the third question, there is an overwhelming preponderance of evidence sufficient to establish defendant's guilt beyond a reasonable charge on both counts on which he was convicted. True, defendant and his two waitresses testified that defendant had expressly forbidden the sale of beer or liquor to minors and, of course, the Commonwealth was unable to contradict that evidence. But, in the first place, defendant was an interested party, and the waitresses were his employes, one of them his daughter. Besides, the whole course of conduct of the waitresses negatived their testimony and showed that, if the orders had been given, they were given as a formality and not in good faith. Both waitresses admitted that they knew many of the witnesses were minors and that, while they refused to sell them beer, they sold beer to temporary male escorts and in some cases placed the beer in front of the minors and sometimes in front of the escorts. Both admitted seeing the escorts hand beer to the minors. Defendant's daughter testified that she would push these glasses back to the escorts, but her testimony was unconvincing. On this testimony the court left the question of fact and the question of good faith to the jury as to whether or not beer was furnished to the minors,

The acts complained of took place during the course of about three hours, and defendant was present upon the licensed premises during the entire time. The testimony

of all the minors, of the waitresses, and of defendant himself was uniformly that defendant did not enter the dance floor where the beer was served to the minors. Defendant testified that he stayed in the barroom, but two enforcement officers testified that defendant made frequent trips through a hall to the kitchen, giving him a clear view of the room in which the minors were drinking beer.

All defendant's arguments have been anticipated in earlier cases. The subterfuge of selling to an adult with the knowledge that the beer or liquor is to be consumed by a minor does not relieve the proprietor from the charge of furnishing beer or liquor to a minor: Commonwealth v. Steffner, 2 Dist. R. 152; Smith's License, 26 D. & C. 370. Testimony concerning the issuance of orders to employes to obey the law, though uncontradicted, does not relieve defendant from responsibility for their actions where the orders are not given in good faith, or where he has knowledge of their violation: Commonwealth v. Newhard, 3 Pa. Superior Ct. 215; Moore's License, 58 Pa. Superior Ct. 225. Commonwealth v. Johnston, 2 Pa. Superior Ct. 317, relied upon by defendant, is by no means opposed to that doctrine. The difficulty in that case was that the lower court held as a matter of law that Johnston was responsible for the acts of his clerks even though done in his absence and against his orders. The Superior Court opinion does not state that the issuance of orders to obey the law automatically released defendant from the consequence of his employes' acts, but that the question of defendant's knowledge of their infractions and the good faith of the orders were a matter for the jury. In our present case, we submitted both questions to the jury, who found adversely to defendant.

And now, May 31, 1938, defendant's motion for a new trial is denied and defendant is ordered to appear in court on Monday, June 6, 1938, for sentence as he stands convicted.